# AFFIDAVIT OF SERVICE

| Case: 2:19-CV-02011-DSF-RAOx | Court: United States District Court for the Central District of California | County: | Job: 3487929 |
|---|---|---|---|
| Plaintiff / Petitioner: Dr. Jeffrey Isaacs | | Defendant / Respondent: Darthmouth Hitchcock Medical Center | |
| Received by: The Nason Group, LLC | | For: Associated Attorneys of New England | |
| To be served upon: New Hampshire Board of Medicine | | | |

I, Thomas Vaughan, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Peggy Berube; License Clerk
New Hampshire Board of Medicine,
121 S Fruit St Suite 301,
Concord, NH 03301

**Manner of Service:** Authorized, Jun 21, 2019, 11:35 am EDT

**Documents:** Summons in a Civil Action; Proof of Service; Civil Cover Sheet; Plaintigg's Orignal Complaint and Demand for a Jury Trail; Confidential Settlement Agreement and Release; Confidential Settlement Agreement and Mutual Release

**Additional Comments:**
1) Successful Attempt: Jun 21, 2019, 11:35 am EDT at Company: 121 S Fruit St Suite 301, Concord, NH 03301 received by Peggy Berube; New Hampshire Board of Medicine. Age: 40; Ethnicity: Caucasian; Gender: Female; Weight: 140; Height: 5'2"; Hair: Brown; Relationship: License Clerk;
Served in hand to recipient

_____  6/25/19
Thomas Vaughan          Date

The Nason Group, LLC
75 S Main Street 7-302
Concord, NH 03301
6037481660

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

6/25/19
Date

Commission Expires

[Notary Seal: KRISTIN M. NASON, MY COMMISSION EXPIRES MAY 17, 2022, NOTARY PUBLIC, NEW HAMPSHIRE]

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| DR. JEFFREY ISAACS<br><br>*Plaintiff(s)*<br>v.<br>DARTMOUTH HITCHCOCK MEDICAL CENTER,<br>(See Attachment)<br><br>*Defendant(s)* | Civil Action No. 2:19-CV-02011-DSF-RAOx |

Corrected **SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  New Hampshire Board of Medicine
121 South Fruit Street, Suite 301
Concord NH 03301-2412

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Dr. Jeffrey D. Isaacs
3553 W Chester Pk #177
Newtown Square PA 19073

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: MAR 18 2019

*Signature of Clerk or Deputy Clerk*

1174

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:19-CV-02011-DSF-RAOx

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* **New Hampshire Board of Medicine**
was received by me on *(date)* **6/20/19**.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* **Peggy Benube**, who is
designated by law to accept service of process on behalf of *(name of organization)* **New Hampshire Board of Medicine** on *(date)* **6/21/19** ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ **0.00**.

I declare under penalty of perjury that this information is true.

Date: **6/25/19**

*Server's signature*

**Thomas Vaughan**
*Printed name and title*

**75 S. Main St
Concord, NH 03301**
*Server's address*

Additional information regarding attempted service, etc:

No. _____

In The

# Supreme Court of the United States

◆

DR. JEFFREY ISAACS,

*Petitioner,*

v.

TRUSTEES OF DARTMOUTH COLLEGE, NH BOARD OF MEDICINE, DARTMOUTH HITCHCOCK MEDICAL CENTER, JEFFREY S. CAHILL and PENNY TAYLOR,

*Respondents.*

◆

**On Petition For Writ Of Certiorari To The United States Court Of Appeals For The First Circuit**

◆

**PETITION FOR WRIT OF CERTIORARI**

◆

KEITH A. MATHEWS, ESQ.
ASSOCIATED ATTORNEYS
  OF NEW ENGLAND
587 Union Street
Manchester, NH 03104
Ph. 603-622-8100
keith@aaone.law

COCKLE LEGAL BRIEFS (800) 225-6964
WWW.COCKLELEGALBRIEFS.COM

# QUESTIONS PRESENTED

I. Did the NH District Court abuse its discretion in dismissing a proper Rehabilitation Act retaliation claim, when it incorrectly claimed a "scoured" record did not contain any evidence of protected conduct under the Rehabilitation Act, when in fact no less than three instances of protected conduct existed?

II. By turning a blind eye to the *Baylor* standard re deliberate indifference and failure to investigate Title IX violations, did the NH District Court hold Petitioner Isaacs to an incorrect standard when it required him to demonstrate as a prerequisite that the harassment occurred due to his sex, before holding Dartmouth accountable for not investigating an alleged assault?

III. Did the NH Board of Medicine violate Section 1983, and Petitioner's Fourteenth Amendment due process rights, when it withheld key exonerating evidence from an evidentiary hearing that resulted in the nationwide publication of a false Board reprimand?

# Preliminary Introduction

This case concerns a fourteen-year legal dispute between Petitioner Jeffrey Isaacs, a top ranked medical school graduate, and various institutions and individuals who, thus far, have succeeded in delaying or permanently ending his dream of being a doctor.

In 2005, Petitioner was enrolled at University of Southern California's Keck School of Medicine. A fellow student who boasted of being admitted to USC

**QUESTIONS PRESENTED** – Continued

through connections became involved in a dispute with Petitioner. In defending the aforementioned student, and the Keck Dean involved in her admission, Keck took unfair disciplinary action against Isaacs. Petitioner filed lawsuit in the California Central District Court, asserting various contract claims and a Rehabilitation Act claim; Petitioner had been undergoing treatment for a concussion at the time, which, apparently, he recovered from as he ultimately excelled during medical school. The dispute ended with an agreement sealing Petitioner's Keck records. Keck subsequently went through three consecutive medical school Deans, all either accused or found guilty of serious crimes.

Petitioner arrived at Respondent Dartmouth's medical residency program in 2011. After six months, Dartmouth terminated Isaacs for non-disclosure of the sealed Keck records. During these six months, Isaacs alleges he was hazed and abused, by a school that decided to hold his non-disclosure of Keck against him. He developed substantial new medical ailments as a result of this mistreatment. He was terminated without the fair hearing required by national accreditation rules.

In January 2012, Petitioner Isaacs again sought redress under the Rehabilitation Act retaliation in the New Hampshire District. Upon filing, he sent former Dartmouth and World Bank President Jim Yong Kim a Rule 26 Preservation Letter. Within a week or so,

**QUESTIONS PRESENTED** – Continued

Dartmouth intentionally deleted all of Isaacs' emails and medical records. This prompted a motion for sanctions in the NH District Court against Dartmouth and Kim for evidence spoliation. Meanwhile, Isaacs was granted a subpoena in the Texas Western District Court for PACER records as he sought to prove Dartmouth was obstructing justice through evidence spoliation and perjury. The New Hampshire District denied sanctions and promptly granted an unopposed summary judgment to Dartmouth, while Isaacs had a pending motion requesting a hearing. The First Circuit denied a timely appeal. A Writ of Certiorari was petitioned to this Court. Certiorari was not granted.

Around the same time as the aforementioned Summary Judgment, the New Hampshire Board rescinded Petitioner's NH Medical License for not disclosing the sealed Keck records. The Board issued a false public order that "there was no provision sealing Isaacs' Keck records." Isaacs had discussed the sealed records on an exhaustive number of occasions with Board Investigator Cahill, and had sent him copies of the sealing provisions by email. Isaacs appealed the NH Board decision to the NH Supreme Court. There is no mandatory right of appeal in New Hampshire, and the NH Supreme Court declined to hear the appeal. Isaacs petitioned this Court for certiorari, which was denied.

Isaacs continues to apply to Dartmouth's federally funded residency program, and has been denied for eight straight years. He filed an action in the New

**QUESTIONS PRESENTED** – Continued

Hampshire District in 2017, with claims that he is being permanently barred from their federal program in retaliation for his prior Rehabilitation Act claims. The District Court ruled that after "scouring" the record, there was no evidence of a prior Rehabilitation Act claim, and hence dismissed the claim. The District Court also dismissed a Section 1983 claim lodged against NH Board Investigator Cahill, which asserted he violated Isaacs' due process rights when he suppressed key evidence, namely, the USC settlements which sealed his Keck records. The District Court ruled that here there was no "clearly established right" for Cahill to provide due process, in this case, a reasonably fair investigation that presented crucial evidence. Lastly, the New Hampshire District denied a Title IX claim against Dartmouth, who failed to investigate an act forbidden under Title IX. The District Court, in contradiction to the *Baylor* decision and more recent case law regarding Title IX, required Plaintiff to first demonstrate he was targeted for his gender (i.e., being a male) as a prerequisite to moving forward with a claim of deliberate indifference, specifically, failure to investigate an assault.

The First Circuit denied the most recent appeal of the New Hampshire District Court's ruling. An ambiguous *de novo* review yielded to the "reasons given by the district court," but, without being specific, acknowledged it would not be "adopting all" of the District Court reasons. There remain three District Court cases still

**QUESTIONS PRESENTED** – Continued

pending; a case in the Massachusetts District concerning the Department of Education and related student loans, a separate case in Massachusetts District concerning the FBI's failure to investigate former World Bank Present Jim Yong Kim, and a RICO case in the California Central District against all current Respondents.

We respectfully petition the United States Supreme Court to address the following questions presented here for certiorari.



Search documents in this case: [ ] Search

### No. 18-1411

| | |
|---|---|
| Title: | **Jeffrey Isaacs, Petitioner**<br>v.<br>**Trustees of Dartmouth College, et al.** |
| Docketed: | May 9, 2019 |
| Lower Ct: | United States Court of Appeals for the First Circuit |
|   Case Numbers: | (18-1560) |
|   Decision Date: | January 3, 2019 |

| DATE | PROCEEDINGS AND ORDERS |
|---|---|
| Apr 03 2019 | Petition for a writ of certiorari filed. (Response due June 10, 2019)<br><br>**Petition    Appendix    Certificate of Word Count    Proof of Service** |
| May 13 2019 | Waiver of right of respondent NH Board of Medicine to respond filed.<br><br>**Main Document** |
| May 13 2019 | Waiver of right of respondent Dartmouth-Hichcock Medical Center to respond filed.<br><br>**Main Document** |
| May 14 2019 | Waiver of right of respondent Trustees of Dartmouth College to respond filed.<br><br>**Main Document** |
| Jun 12 2019 | DISTRIBUTED for Conference of 10/1/2019. |

| NAME | ADDRESS | PHONE |
|---|---|---|
| **Attorneys for Petitioner** | | |
| Keith Allen Mathews<br>   Counsel of Record | Associated Attorneys of New England<br>587 Union Street<br>Manchester, NH 03104<br><br>keith@aaone.law | 6039239855 |
| Party name: Jeffrey Isaacs | | |
| **Attorneys for Respondents** | | |
| Pierre A. Chabot<br>   Counsel of Record | Wadleigh, Starr & Peters, PLLC<br>95 Market Street<br>Manchester, NH 03101<br><br>pchabot@wadleighlaw.com | 6032067204 |
| Party name: Trustees of Dartmouth College | | |
| Laura E. B. Lombardi<br>   Counsel of Record | New Hampshire Department of Justice<br>33 Capitol Street<br>Concord, NH 03301-6397<br><br>laura.lombardi@doj.nh.gov | 6032713650 |
| Party name: NH Board of Medicine | | |
| William D. Pandolph | Sulloway & Hollis, P.L.L.C.<br>9 Captiol St. | 603-223-2800 |

Concord, NH 03301

wpandolph@sulloway.com

Party name: Dartmouth-Hichcock Medical Center