# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

Jeffrey Isaacs ("Isaacs"), on the one hand, and University of Southern California ("USC"), on the other hand, have agreed to enter into this Confidential Settlement Agreement and Release (the "Agreement").

## 1. **Dismissal With Prejudice.**

Isaacs agrees that he will execute and deliver for filing to counsel of record for USC, Robin D. Dal Soglio of Dal Soglio & Martens LLP, the Dismissal with Prejudice (attached hereto as Exhibit A) of Robert Baughman, Brian E. Henderson, Peter J. Katsufrakis and James M.H. Ball (together, the "Individual Defendants") from United States District Court Case No. CV-06-3338 GAF (Ex). Counsel for USC will file the Dismissal with Prejudice with the Court.

## 2. **Sealing of Disciplinary Records.**

In exchange for the Dismissal with Prejudice of the Individual Defendants, referenced above, Defendant USC agrees that commencing immediately upon the execution of this Settlement Agreement and receipt of the signed Dismissal with Prejudice, USC will not release or disclose Isaacs' disciplinary records to any third party, including but not limited to other educational institutions and/or potential employers, unless it receives written consent from Isaacs or a subpoena or court order.

## 3. **Non-Admission of Liability.**

This Agreement shall not in any way be construed as an admission by USC or any of the Individual Defendants that they have harassed, discriminated against or retaliated against Isaacs in any way, or otherwise acted wrongfully with respect to Isaacs. USC and the Individual Defendants specifically deny that they have any liability to or have done any wrongful acts against Isaacs.

## 4. **No Other or Future Lawsuits, Charges, Claims.**

With the exception of United States District Court Case No. CV-06-3338 GAF (Ex) (the "Lawsuit"), Isaacs represents that he has not filed any other lawsuits, charges, claims for arbitration, complaints, or appeals of any kind with any court or administrative or governmental agency against the Individual Defendants or any other persons or entities released herein, and he agrees that he will not file any lawsuits, charges, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof.

If Isaacs's representations in this paragraph prove to be false, or if he violates the promises made in this paragraph and files a lawsuit, charge, complaint, or appeal of any kind with any court or administrative or governmental agency against the Individual Defendants, based on any events, acts or omissions through and including the date hereof, Isaacs will pay for all costs and losses, including actual attorneys' fees, incurred by Defendants in connection with said lawsuit, charge, complaint, or appeal.

Initialed  JDI

_____

1

5.      **Complete Release by Isaacs.**

As a material inducement to USC to enter into this Agreement, Isaacs hereby irrevocably and unconditionally waives and releases all rights and claims, known and unknown, which he may have against each and all of the Individual Defendants and each of their respective assigns, agents, representatives, attorneys, spouses, children and other family members, and all persons acting by, through, under or in concert with any of them, from the beginning of time to the date Isaacs signs this Agreement.  This includes but is not limited to a release of all rights and claims Isaacs may have against the Individual Defendants under any federal or state anti-discrimination statutes, including but not limited to the Americans with Disabilities Act and the Rehabilitation Act of 1973, as well as all claims, known and unknown, which he may have for breach of contract, express or implied; breach of the covenant of good faith and fair dealing; and retaliation, defamation, conspiracy, infliction of emotional distress, invasion of privacy, assault, battery, misrepresentation, or any other tort.

6.      **Knowing and Voluntary Waiver of Known and Unknown Claims**

Isaacs agrees that, as a condition of this Agreement, he expressly releases all rights and claims that he does not know about, as well as those he knows about.  Thus, consistent with the terms of his release, Isaacs expressly waives all rights under Section 1542 of the Civil Code of the State of California, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

7.      **Encouragement to Consult With Attorney**

Counsel for USC has strongly encouraged Isaacs to consult with an attorney before signing this Agreement, and Isaacs hereby acknowledges that he has either fully consulted with an attorney prior to signing or has knowingly and voluntarily decided not to do so.

8.      **No Representations**

The parties hereto represent and agree that no promises, statements or inducements have been made to them which caused them to sign this Agreement other than those expressly stated in this Agreement.

9.      **Successors**

This Agreement shall be binding upon the parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of the parties and others released herein, their representatives, executors, successors and assigns.

Initialed  JDI

_____

## 10. Confidentiality of This Agreement

a. As a material inducement for USC to enter into this Agreement, Isaacs agrees not to disclose the negotiation, terms, or conditions of this Agreement to anyone other than Isaacs's attorneys and parents (hereafter referred to as "Isaacs's Confidants") and, even as to such a person, only if such persons agree to honor this confidentiality requirement. Violation of this confidentiality requirement by any of Isaacs's Confidants will be treated as a violation of this Agreement by Isaacs.

b. This section does not prohibit disclosure of the negotiation, terms or conditions of this Agreement to the extent necessary legally to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise required by law (but only if the enforcing party notifies the other party and its attorneys of a disclosure obligation or request within three business days after he/it learns of it and does not actively oppose the party taking all steps it deems to be appropriate to prevent or limit the required disclosure).

c. If Isaacs is asked about his claims against the Individual Defendants, and only if asked, he may state only that "the matter has been resolved."

## 11. Newly Discovered Facts

Isaacs acknowledges that he might hereafter discover facts different from or in addition to those he now knows or believes to be true with respect to a claim or claims released herein, and he expressly agrees to assume the risk of possible discovery of additional or different facts, and agrees that this Agreement shall be and remain effective in all respects regardless of such additional or different discovered facts.

## 12. Voluntary Participation in This Agreement

The parties acknowledge that they have thoroughly discussed all aspects of their rights and this Agreement with their respective attorneys, or have knowingly and voluntary chosen not to do so, and that they have carefully read and fully understand all of the provisions of this Agreement, that they have been given a reasonable period of time to consider signing this Agreement, and that they are voluntarily signing this Agreement.

## 13. Governing Law

This Agreement is made and entered into in the State of California and shall in all respects be interpreted, enforced and governed under the laws of said State.

## 14. Further Necessary Actions

The parties agree, without further consideration, to sign and/or cause to be signed, and to deliver to counsel for one another, any other documents and to take any other action as may be necessary to fulfill their obligations under this Agreement, including, but not limited to, effecting the dismissal of all outstanding administrative charges.

Initialed  JDI

_____

3

### 15. <u>Severability</u>

Should any of the provisions in this Agreement, other than the Release set forth in Paragraph 5, be declared or be determined to be illegal or invalid, all remaining parts, terms or provisions shall be valid, and the illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

### 16. <u>Proper Construction</u>

a.  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties.

b.  As used in this Agreement, the term "or" shall be deemed to include the term "and/or" and the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

c.  The paragraph headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

### 17. <u>Entire Agreement</u>

This Agreement is the entire agreement between Isaacs and USC and fully supersedes any and all prior agreements or understandings between the parties pertaining to its subject matter.

**PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS.**

Executed at <u>Berwyn Pennsylvania</u>, this 29th day of August 2007.


By:_____*Jeffrey D Isaacs*_____
     Jeffrey Isaacs


Executed at Los Angeles, California, this _____ day of August 2007.

     UNIVERSITY OF SOUTHERN CALIFORNIA


By:_____
     Dennis F. Dougherty
     Senior Vice President for Finance

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

The University of Southern California ("USC") and Jeffrey Isaacs ("Isaacs") have agreed to enter into this Confidential Settlement Agreement and Mutual Release (the "Agreement").

### 1.  Dismissal With Prejudice.

Isaacs agrees that he will execute and deliver for filing to counsel of record for USC, Robin D. Dal Soglio of Dal Soglio & Martens LLP, the Stipulation of Dismissal with Prejudice (attached hereto as Exhibit A) of USC from United States District Court Case No. CV-06-3338 GAF (Ex).  Counsel for USC will file the Dismissal with Prejudice with the Court.

### 2.  No Future Application to University.

Isaacs understands and agrees that his education at USC has ended irrevocably and forever and will not be resumed again at any time in the future.  Isaacs further agrees that he will not apply for or otherwise seek admission to USC or any related or affiliated entity at any time in the future, under any circumstances whatsoever.

### 3.  Non-Admission of Liability.

This Agreement shall not in any way be construed as an admission by USC that it has discriminated against or retaliated against Isaacs in any way, or otherwise acted wrongfully with respect to Isaacs or any other person, or that Isaacs has any rights whatsoever against it. USC specifically denies that it has any liability to or has done any wrongful acts against Isaacs or any other person.

### 4.  Benefits for Isaacs.

Within fourteen (14) days of USC's receipt of the original of this Agreement signed by Isaacs and including executed copies of Exhibits A and B, USC will transmit to Isaacs one check made payable to Isaacs in the gross amount of

### 5.  Responsibility for Taxes.

Isaacs understands and acknowledges that USC will report the payment described in paragraph 4 to the appropriate taxing authorities as required by law.  Isaacs agrees that he is solely responsible for all tax obligations, including, but not limited to, all payment obligations which may arise as a consequence of this Agreement.  Isaacs further agrees promptly to pay and to indemnify and hold USC and others released herein harmless from and against any and all loss, cost, damage or expense, including, without limitation, attorneys' fees, interest, assessments, withholding and penalties, arising out of any dispute over underwithholding or other tax treatment of any of the proceeds received by Isaacs as a result of this Agreement. Isaacs further agrees not to seek or make any claim against USC or others released herein for any loss, cost, damage or expense if a claim or adverse determination is made in connection with underwithholding or other tax treatment of any of the proceeds of this Agreement or any portion

Initialed

1

thereof. Isaacs understands and agrees that neither USC nor others released herein has any duty to defend against any claim or assertion in connection with underwithholding or other tax treatment of the proceeds of this settlement or any portion thereof, and Isaacs agrees to assume full responsibility for defending against any such claim or assertion.

## 6. No Other or Future Lawsuits, Charges, Claims for Arbitration or Complaints of Any Nature Whatsoever.

With the exception of United States District Court Case No. CV-06-3338 GAF (Ex), which is fully and finally settled herein, Isaacs represents that he has not filed any other lawsuits, charges, claims for arbitration, complaints, or appeals of any kind with any court or administrative or governmental agency against USC or any other persons or entities released herein, and he agrees that he will not file any lawsuits, charges, claims for arbitration, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof.

If Isaacs's representations in this paragraph prove to be false, or if he violates the promises made in this paragraph and files a lawsuit, charge, claim for arbitration, complaint, or appeal of any kind with any court or administrative or governmental agency against USC or any other persons or entities released herein, based on any events, acts or omissions through and including the date hereof, Isaacs will pay for all costs and losses, including actual attorneys' fees, incurred by USC in connection with said lawsuit, charge, complaint, or appeal.

## 7. Complete Release by Isaacs.

As a material inducement to USC to enter into this Agreement, Isaacs hereby irrevocably and unconditionally waives and releases all rights and claims, known and unknown, which he may have against USC, the Keck School of Medicine, and each of their respective successors, assigns, agents, trustees, officers, administrators, faculty, students, current and former employees, representatives, attorneys, divisions, subsidiaries, affiliates (and agents, trustees, officers, administrators, faculty, current and former employees, representatives and attorneys of such divisions, subsidiaries, and affiliates), and Robert Baughman and each of his family members, and all persons acting by, through, under or in concert with any of them (collectively, the "Releasees") from the beginning of time to the date Isaacs signs this Agreement from any and all claims, demands, contracts, expenses, liens, covenants, debts, attorney's fees, causes of action, damages, judgments, orders, and liabilities (collectively "Claims") of whatever kind or nature in law, equity, or otherwise, whether now known or unknown, suspected, or unsuspected, and whether or not concealed or hidden, which Isaacs now owns or holds or had at any time heretofore owned or held against the Releasees.

Initialed ___

2

62

8. **Release by USC**

As a material inducement to Isaacs to enter into this Agreement, USC does hereby irrevocably and unconditionally release, acquit and forever discharge Isaacs from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, grievances, costs, losses, and expenses (including attorneys' fees and costs) of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including but not limited to any claim for malicious institution of civil proceedings, and abuse of process. Notwithstanding any other provision herein, this release by the University is not intended to, and does not, release debts unrelated to the lawsuit, including but not limited to tuition or loans.

9. **Knowing and Voluntary Waiver of Known and Unknown Claims**

Consistent with the terms of their respective releases in paragraphs 7 and 8, Isaacs and USC acknowledge and agree that, as a condition of this Agreement, they expressly release all rights and claims that they do not know about, as well as those they know about. Thus, consistent with the terms of their respective releases, Isaacs and USC expressly waive all rights under Section 1542 of the Civil Code of the State of California, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

10. **Ownership of Claims**

Isaacs represents and agrees that he has not assigned or transferred, or attempted to assign or transfer, to any person or entity, any of the claims he is releasing in this Agreement.

11. **Encouragement to Consult With Attorney**

USC encourages Isaacs to consult with an attorney before signing this Agreement, and Isaacs hereby acknowledges that he has had the opportunity to consult with an attorney prior to signing, and has either done so or voluntarily chosen not to do wo.

12. **No Representations**

The parties represent and agree that no promises, statements or inducements have been made to them which caused them to sign this Agreement other than those expressly stated in this Agreement.

Initialed 2 DA

3

63

**13.**  **Successors**

This Agreement shall be binding upon the parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of the parties and others released herein, their representatives, executors, successors and assigns.

**14.**  **Confidentiality of This Agreement**

a.  As a material inducement for USC to enter into this Agreement, Isaacs agrees not to disclose the negotiation, terms, conditions, or amount of this Agreement to anyone other than Isaacs's attorneys and tax adviser (hereafter referred to as "Isaacs's Confidants") and, even as to such a person, only if the person agrees to honor this confidentiality requirement.  Violation of this confidentiality requirement by any of Isaacs's Confidants will be treated as a violation of this Agreement by Isaacs.

b.  This section does not prohibit Isaacs's disclosure of the negotiation, terms, conditions, or amount of this Agreement to the extent necessary legally to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise required by law (but only if Isaacs notifies USC and its attorneys of a disclosure obligation or request within three business days after he learns of it and does not actively oppose USC's taking all steps it deems to be appropriate to prevent or limit the required disclosure).

c.  If Isaacs is asked about his claims against USC, including breach of enrollment contract and wrongful dismissal, and only if asked, he may state only that "the matter has been resolved."  However, the parties further agree that Isaacs is not required to disclose this matter to anyone.

**15.**  **Damages for Isaacs's Breach of Confidentiality**

A breach of paragraph 14 will be deemed a material breach of this entire Agreement.  Isaacs agrees to pay USC the sum of Five Thousand Dollars ($5,000) as liquidated damages for each violation in the event USC obtains a judgment, ruling, award, or decision that paragraph 14 has been violated.  The parties to this Agreement agree that this liquidated damages provision is appropriate with regard to any breach of paragraph 14 because:  (1) paragraph 14 is essential for the protection of USC's interests; (2) damages for breach of paragraph 14 would be difficult to prove with certainty; and (3) the sum of Five Thousand Dollars ($5,000) per breach represents a reasonable estimate of the harm likely to result from each such breach.

**16.**  **Newly Discovered Facts**

Isaacs acknowledges that he might hereafter discover facts different from or in addition to those he now knows or believes to be true with respect to a claim or claims released herein, and he expressly agrees to assume the risk of possible discovery of additional or different facts, and agrees that this Agreement shall be and remain effective in all respects regardless of such additional or different discovered facts.

4

17. **Voluntary Participation in This Agreement**

  The parties acknowledge that they have thoroughly discussed all aspects of their rights and this Agreement with their respective attorneys, or have knowingly and voluntary chosen not to do so, and that they have carefully read and fully understand all of the provisions of this Agreement, that they have been given a reasonable period of time to consider signing this Agreement, and that they are voluntarily signing this Agreement.

18. **Governing Law**

  This Agreement is made and entered into in the State of California and shall in all respects be interpreted, enforced and governed under the laws of said State.

19. **Further Necessary Actions**

  The parties agree, without further consideration, to sign and/or cause to be signed, and to deliver to counsel for one another, any other documents and to take any other action as may be necessary to fulfill their obligations under this Agreement, including, but not limited to, effecting the dismissal of all outstanding administrative charges.

20. **Severability**

  Should any of the provisions in this Agreement, other than the Release set forth in Paragraph 7, be declared or be determined to be illegal or invalid, all remaining parts, terms or provisions shall be valid, and the illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

21. **Proper Construction**

  a.  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties.

  b.  As used in this Agreement, the term "or" shall be deemed to include the term "and/or" and the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

  c.  The paragraph headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

22. **Entire Agreement**

  This Agreement is the entire agreement between Isaacs and USC and fully supersedes any and all prior agreements or understandings between the parties pertaining to its subject matter.

Initialed

5

**PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Executed at <u>Saint-Jean, FRANCE</u> this 31st day of March 2008.

By: _____

Jeffrey Isaacs

Executed at Los Angeles, California, this ____APR 0 4____ 2008.

UNIVERSITY OF SOUTHERN CALIFORNIA

By: _____

Dennis F. Dougherty
Senior Vice President for Finance

6

 **Gmail**

Jeffrey D I <jeffreydi@gmail.com>

## FWD: Transferring Second Amended Complaint to respective USC entities

**Jeffrey Isaacs** <jdi@alum.dartmouth.org>                    Sun, Aug 12, 2007 at 10:47 PM
To: rdalsoglio@dm-lawfirm.com.certified.readnotify.com, treyhobbs@sbcglobal.net.certified.readnotify.com

Dear Ms. Dal Soglio:

Nearly ONE YEAR ago, I sent you a request to transfer my complaints to respective entities at USC. You have threatened me not to contact your client without first contacting you. At this point, a lawsuit against "DAL SOGLIO & MARTENS" as well as "Mr TODD DICKEY" is imminent for this interference. The SAC/TAC contain complaints that shall suffice, standalone, as initial complaints to the departments listed in my below email. Please also include the USC Board of Trustees in the list of entities I now deserve an appeal to. As you know, the administrative appeal with Taylor only represents one of many avenues that my case may be appealed to. Again, should you wish to provide me with any forms that would supplement my complaint, please deliver these to me WITHIN ONE WEEK. While the evidence shows last time my request was forwarded TWENTY-EIGHT times (see attached certified receipts) in an apparent effort to find a work-around to my request, this will not be tolerated any more and will result in immediate litigation against your firm and your client.

Regards,
Jeffrey Isaacs


>>>
Ms. Dal Soglio:

On July 31st I attempted to deliver a Petition (SAC Exhibit L) to numerous USC authorities. I received no response from any of the addressees. It is important to me that each and every allegation in the Petition, and now, the Second Amended Comlaint, is filed with the appropriate persons at USC. Please see that the Second Amended Complaint is filed as an official grievance with these persons and departments, to the fullest extent that any contractual right of mine to issue a grievance exists. Please see that this grievance/complaint is distributed, without limitation, to Dr. Steven B. Sample, the Keck SPC, the Department of Public Safety, the Vice President of Student Affairs, and the Student Judicial Affairs Committee. Please let me know if there are any additional forms I may need to fill out in conjunction with the SAC; because I am not permitted on campus, I cannot do this myself. Because the SAC is a verified court declaration, as you know, it should suffice in stand-alone form. Please see that this entire request is executed before any dismissal may occur.

Regards,

Jeffrey D. Isaacs

---

 **transferSAC.pdf**
113K

Re dNotify            **Refresh Display   Close Window**              **Read Notification**

**ReadNotify email tracking history**

| To | **rdalsoglio@dm-lawfirm.com** |
|---|---|
| From | **Jeffrey.D.Isaacs.99@Alum.Dartmouth.ORG** |
| Subject | **Transferring Second Amended Complaint to respective USC entities** |
| Sent on | 14-Sep-06 at 17:38:34pm 'US/Central' time |
| 1st Open | **14-Sep-06 at 17:41:10pm** -5:00 |

(81%) Valencia, California, United States

## Tracking Details

**Opened** at apparent address of: **rdalsoglio@dm-lawfirm.com**

| Opened | 14-Sep-06 at 17:41:10pm (UTC -5:00)  -  2mins36secs after sending |
|---|---|
| Location | Valencia, California, United States (81% likelihood) |
| Opened on | (66.251.119.2:23068) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |
| Last log | No more activity after 14-Sep-06 at 17:47:55pm (UTC -5:00)  -  Log data indicates email was read for at least 6mins45secs (approx.) |

**Forwarded**

| Opened | 14-Sep-06 at 18:00:25pm (UTC -5:00)  -  21mins51secs after sending |
|---|---|
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:2130) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |

**Re-opened (by earlier reader #1)** at apparent address of: **rdalsoglio@dm-lawfirm.com**

| Opened | 18-Sep-06 at 10:30:19am (UTC -5:00)  -  3days16hours51mins45secs after sending |
|---|---|
| Location | Valencia, California, United States (81% likelihood) |
| Opened on | (66.251.119.2:55444) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |

**Re-opened (by earlier reader #2)**

| Opened | 21-Sep-06 at 11:56:17am (UTC -5:00)  -  6days18hours17mins43secs after sending |
|---|---|
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:1197) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |
| Last log | No more activity after 21-Sep-06 at 11:56:47am (UTC -5:00)  -  Log data indicates email was read for at least 30secs (approx.) |

**Forwarded**

| Opened | 21-Sep-06 at 11:58:32am (UTC -5:00)  -  6days18hours19mins58secs after sending |
|---|---|
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc008.usc.edu (128.125.59.77:1221) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; .NET CLR 1.1.4322; .NET CLR 2.0.50727; InfoPath.1) |
| Last log | No more activity after 21-Sep-06 at 12:13:40pm (UTC -5:00)  -  Log data indicates email was open for at least 15mins8secs (approx.) |

**Re-Opened (by earlier reader #3)**

| Opened | 21-Sep-06 at 12:27:00pm (UTC -5:00)  -  6days18hours48mins26secs after sending |
|---|---|
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc008.usc.edu (128.125.59.77:1282) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; .NET CLR 1.1.4322; .NET CLR 2.0.50727; InfoPath.1) |

**Re-Opened (by earlier reader #1)**

| Opened | 21-Sep-06 at 12:52:11pm (UTC -5:00)  -  6days19hours13mins37secs after sending |
|---|---|
| Location | Valencia, California, United States (81% likelihood) |
| Opened on | (66.251.119.2:26633) |

| Language | of recipient's PC: en-us (English/United States) |
|---|---|
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |
| Last log | No more activity after 21-Sep-06 at 12:55:54pm (UTC -5:00)   -   Log data indicates email was read for at least 3mins43secs (approx.) |

### Re-opened (by earlier reader #3)

| Opened | 21-Sep-06 at 13:22:59pm (UTC -5:00)   -   6days19hours44mins25secs after sending |
|---|---|
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc008.usc.edu (128.125.59.77:1366) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; .NET CLR 1.1.4322; .NET CLR 2.0.50727; InfoPath.1) |
| Last log | No more activity after 21-Sep-06 at 13:31:54pm (UTC -5:00)   -   Log data indicates email was read for at least 8mins55secs (approx.) |

### Re-Opened (by earlier reader #3)

| Opened | 22-Sep-06 at 11:30:48am (UTC -5:00)   -   7days17hours52mins14secs after sending |
|---|---|
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc008.usc.edu (128.125.59.77:2801) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; .NET CLR 1.1.4322; .NET CLR 2.0.50727; InfoPath.1) |

### Re-Opened (by earlier reader #1)

| Opened | 22-Sep-06 at 12:30:13pm (UTC -5:00)   -   7days18hours51mins39secs after sending |
|---|---|
| Location | Fairport, New York, United States (40% likelihood) |

### Re-Opened (by earlier reader #3)

| Opened | 22-Sep-06 at 15:38:33pm (UTC -5:00)   -   7days21hours59mins59secs after sending |
|---|---|
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc008.usc.edu (128.125.59.77:3555) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; .NET CLR 1.1.4322; .NET CLR 2.0.50727; InfoPath.1) |
| Last log | No more activity after 22-Sep-06 at 15:44:46pm (UTC -5:00)   -   Log data indicates email was read for at least 6mins13secs (approx.) |

### Re-opened (by earlier reader #2)

| Opened | 22-Sep-06 at 16:00:48pm (UTC -5:00)   -   7days22hours22mins14secs after sending |
|---|---|
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:1679) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |
| Last log | No more activity after 22-Sep-06 at 16:01:18pm (UTC -5:00)   -   Log data indicates email was read for at least 30secs (approx.) |

### Re-opened (by earlier reader #1)

| Opened | 22-Sep-06 at 16:10:48pm (UTC -5:00)   -   7days22hours32mins14secs after sending |
|---|---|
| Location | Valencia, California, United States (81% likelihood) |
| Opened on | (66.251.119.2:21854) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |
| Last log | No more activity after 22-Sep-06 at 16:11:15pm (UTC -5:00)   -   Log data indicates email was read for at least 27secs (approx.) |

### Re-Opened (by earlier reader #3)

| Opened | 25-Sep-06 at 11:13:57am (UTC -5:00)   -   10days17hours35mins23secs after sending |
|---|---|
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc008.usc.edu (128.125.59.77:3898) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; .NET CLR 1.1.4322; .NET CLR 2.0.50727; InfoPath.1) |
| Last log | No more activity after 25-Sep-06 at 11:20:07am (UTC -5:00)   -   Log data indicates email was read for at least 6mins10secs (approx.) |

### Re-opened (by earlier reader #2)

| Opened | 25-Sep-06 at 11:22:43am (UTC -5:00)   -   10days17hours44mins9secs after sending |
|---|---|
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:1163) |
| Language | of recipient's PC: en-us (English/United States) |

| | |
|---|---|
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |

**Re-opened (by earlier reader #1)**

| | |
|---|---|
| Opened | 25-Sep-06 at 11:24:43am (UTC -5:00)  -  10days17hours46mins9secs after sending |
| Location | Valencia, California, United States (81% likelihood) |
| Opened on | (66.251.119.2:42489) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |

**Re-opened (by earlier reader #2)**

| | |
|---|---|
| Opened | 25-Sep-06 at 11:31:29am (UTC -5:00)  -  10days17hours52mins55secs after sending |
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:1180) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |
| Last log | No more activity after 25-Sep-06 at 11:39:20am (UTC -5:00)  -  Log data indicates email was read for at least 7mins51secs (approx.) |

**Re-Opened (by earlier reader #2)**

| | |
|---|---|
| Opened | 25-Sep-06 at 12:07:17pm (UTC -5:00)  -  10days18hours28mins43secs after sending |
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:1131) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |

**Re-opened (by earlier reader #1)**

| | |
|---|---|
| Opened | 25-Sep-06 at 12:10:01pm (UTC -5:00)  -  10days18hours31mins27secs after sending |
| Location | Valencia, California, United States (81% likelihood) |
| Opened on | (66.251.119.2:47695) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |
| Last log | No more activity after 25-Sep-06 at 12:12:13pm (UTC -5:00)  -  Log data indicates email was read for at least 2mins12secs (approx.) |

**Re-opened (by earlier reader #3)**

| | |
|---|---|
| Opened | 25-Sep-06 at 12:12:45pm (UTC -5:00)  -  10days18hours34mins11secs after sending |
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc008.usc.edu (128.125.59.77:1109) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; .NET CLR 1.1.4322; .NET CLR 2.0.50727; InfoPath.1) |

**Re-Opened (by earlier reader #3)**

| | |
|---|---|
| Opened | 26-Sep-06 at 11:42:38am (UTC -5:00)  -  11days18hours4mins4secs after sending |
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc008.usc.edu (128.125.59.77:2464) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; .NET CLR 1.1.4322; .NET CLR 2.0.50727; InfoPath.1) |
| Last log | No more activity after 26-Sep-06 at 11:47:33am (UTC -5:00)  -  Log data indicates email was read for at least 4mins55secs (approx.) |

**Re-opened (by earlier reader #2)**

| | |
|---|---|
| Opened | 26-Sep-06 at 13:08:12pm (UTC -5:00)  -  11days19hours29mins38secs after sending |
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:1347) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |

**Re-opened (by earlier reader #3)**

| | |
|---|---|
| Opened | 26-Sep-06 at 18:50:22pm (UTC -5:00)  -  12days1hour11mins48secs after sending |
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc008.usc.edu (128.125.59.77:1409) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; .NET CLR 1.1.4322; .NET CLR 2.0.50727; InfoPath.1) |

### Re-Opened (by earlier reader #3)

| | |
|---|---|
| Opened | 29-Sep-06 at 19:07:37pm (UTC -5:00)  -  15days1hour29mins3secs after sending |
| Location | Los Angeles, California, United States (81% likelihood) |
| Opened on | uscgc008.usc.edu (128.125.59.77:1549) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; .NET CLR 1.1.4322; .NET CLR 2.0.50727; InfoPath.1) |

### Re-Opened (by earlier reader #1)

| | |
|---|---|
| Opened | 1-Oct-06 at 19:55:27pm (UTC -5:00)  -  17days2hours16mins53secs after sending |
| Location | Valencia, California, United States (81% likelihood) |
| Opened on | (66.251.119.2:59862) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |
| Last log | No more activity after 1-Oct-06 at 19:58:08pm (UTC -5:00)  -  Log data indicates email was read for at least 2mins41secs (approx.) |

### Re-Opened (by earlier reader #1)

| | |
|---|---|
| Opened | 31-Oct-06 at 16:34:26pm (UTC -5:00)  -  46days22hours55mins52secs after sending |
| Location | Valencia, California, United States (81% likelihood) |
| Opened on | (66.251.119.2:19198) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |

### Re-Opened (by earlier reader #1)

| | |
|---|---|
| Opened | 5-Nov-06 at 19:54:50pm (UTC -5:00)  -  52days2hours16mins16secs after sending |
| Location | Valencia, California, United States (81% likelihood) |
| Opened on | (66.251.119.2:32162) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |

### Re-Opened (by earlier reader #1)

| | |
|---|---|
| Opened | 5-Feb-07 at 16:39:02pm (UTC -5:00)  -  143days23hours28secs after sending |
| Location | Chicago, Illinois, United States (81% likelihood) |
| Opened on | jd-131-26.jdrp.com (168.98.131.26:53469) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |

### Summary  -  as at 12-Aug-07 at 21:30:54pm (UTC -5:00)  -  332days3hours52mins20secs after sending

| | |
|---|---|
| Total | Opened 28 times by 3 readers |
| Reader #1 | (rdalsoglio@dm-lawfirm.com) Opened 11 times for 15mins48secs total |
| Reader #2 | Opened 7 times for 8mins51secs total |
| Reader #3 | Opened 10 times for 41mins21secs total |

**notification**

Jeff Isaacs
MS I
March 2, 2006

*Delivered no trespassing letter + spc letter (2/23 mtg.). BM*

"Delivered no trespassing letter + SPC letter"   PJK (Katsufrakis)

USC 0538



# ALERT
## NOTIFICATION
### UNIVERSITY OF SOUTHERN CALIFORNIA
**OFFICIAL PUBLICATION OF THE USC DEPARTMENT OF PUBLIC SAFETY**

### OFFICER SAFETY

S-ISAACS is currently ███████████████████████████████████████████ ████████████████████████████████████████ tatements: "You have no idea how ████████████████████████████████████████ "I don't think they will expel me because they are afraid I'll come back with a gun". USC will be notified of S-ISAACS release. This information will be forwarded to all Watch Commanders. POC Mr. Peter Katsufrakis, Associate Dean of Students (323) 442-2420.

S-ISAACS, former medical student at USC HSC campus, has been served with a suspension letter. He is also the subject of a harassment investigation and has been served a stay away letter. Both the stay away letter and suspension notice are on file in USC Communications Center.

**NAME**: ISAACS, JEFFREY D.
**SEX**: M
**RACE**: W
**HAIR**: Bro
**EYE**: Bro
**HT**: Unk
**WT**: Unk
**DOB**: ███████████Y.O.

USE CAUTION



**NOTE:**
Address: 425 Broadway Santa Monica, Ca.

**Prior Contacts**
06-00078  01/10/06  Harassment
06-00733  03/17/06  Criminal Threats

## FOR INTERNAL DISTRIBUTION ONLY, NOT TO BE DISTRIBUTED OUTSIDE OF USC DEPARTMENT OF PUBLIC SAFETY.

**APPROVED BY: CAPT. GLORIA GRAHAM**
**Prepared by: DET. LEESA SANDELL (213) 740-2489  Cell# (213) 276-7933  Date: 02-17-06**

USC 0549



Jeffrey D I <jeffreydi@gmail.com>

## Service of Process- URGENT
1 message

**Jeffrey** <jeffreydi@gmail.com>                                             Fri, May 31, 2019 at 11:53 PM
To: andreasm@usc.edu, Keith <keith@aaone.law>

Andreas:

Your letter is shameful. USC apparently has no remorse for allowing a med student to be admitted
through NIH connections, and moreover, to collude with your less than perfect (2 felons I believe) med
school deans to mislead the faculty (in violation of RICO) and harm my life and career to simply serve
others as a doctor. We thought after a decade, USC administration might do the right thing. We were
wrong.

It is frankly not surprising you are charged in dozens of RICO claims alleging similar activity.

You should be ashamed for your letter to Atty Mathews. Moreover, I advise you that I consider the
threats contained therein it to be further violations of the RICO statute.

Please advise , within 1 business day, who you have authorized (name & location & phone) to accept
formal summons service. We have waited patiently for your response re ADR but further delays in
service of process shall not be tolerated.

Please direct further correspondence on this matter to me at this point as the Plaintiff in pro per. Please
be advised any correspondence I receive from you shall be part of the record, I reserve the right to re-
publish it, forward it to appropriate entities; we are in no way engaged in privileged settlement
discussions at this point as you declined ADR.

Dr Jeffrey Isaacs


Subject: Re: Isaacs matter
From: Andreas Joerg Meyer <andreasm@usc.edu>
Date: Thu, May 30, 2019 8:15 pm
To: "Keith Mathews, Esq." <keith@aaone.law>

Mr. Mathews,
I am in receipt of your correspondence and the complaint filed by your client.

The University of Southern California (USC) unequivocally rejects your client's request to engage in mediation. Not
only does the University dispute the facts set forth in the complaint and in your letter, but we believe the complaint to
suffer from so many legal deficiencies and factual inaccuracies that it is not only inviable but also frivolous and
harassing. We demand that the complaint be dismissed in its entirety immediately. If your client proceeds with the
complaint, USC will not only mount a vigorous defense, but we will also pursue all remedies available to the
University, including sanctions under Rule 11 and a counterclaim for liquidated damages, costs, and attorneys' fees
caused by your client's breach of more than one provision contained in the Confidential Settlement Agreement and
Release he entered into with the University in 2008.

Sincerely,

Andreas J. Meyer
University Counsel
University of Southern California
Office of the General Counsel
Tel: (213) 740-7922



Jeffrey D I <jeffreydi@gmail.com>

## RE: Isaacs v. USC - Meet and Confer Requirement
1 message

**Ryzewska, Kat** <KRyzewska@gibsondunn.com>                    Wed, Jul 24, 2019 at 6:56 PM
To: Jeffrey <jeffreydi@gmail.com>
Cc: "Mader, Shannon" <SMader@gibsondunn.com>, "Fogelman, James P." <JFogelman@gibsondunn.com>

Dr. Isaacs,

We plan to file a motion to dismiss all of the claims you assert against Keck in your untimely filed First Amended Complaint.  We will be doing so for a number of reasons, including the expiration of the statute of limitations on all claims, the res judicata effect of the prior judgments, the fact that you voluntarily released all claims against Keck, the failure to plead essential elements of each and every claim, and the failure to plead any facts to suggest that Keck has done anything with respect to you since entering into the binding settlement agreements years ago.

Per your latest email, I suggest a call tomorrow at 5PM.  Let me know if that works for you.

Thanks,

**Kat Ryzewska**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7789 • Fax +1 213.229.6769
KRyzewska@gibsondunn.com • www.gibsondunn.com

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Wednesday, July 24, 2019 3:37 PM
**To:** Ryzewska, Kat <KRyzewska@gibsondunn.com>
**Cc:** Mader, Shannon <SMader@gibsondunn.com>; Fogelman, James P. <JFogelman@gibsondunn.com>
**Subject:** Re: Isaacs v. USC - Meet and Confer Requirement

[External Email]

# ASSOCIATED ATTORNEYS

## OF NEW ENGLAND

July 30, 2019

USC OFFICE OF GENERAL COUNSEL
Via Email:

RE: Jeffrey Isaacs v. USC

To Whom It May Concern,

I represent Dr. Jeffrey Isaacs and am authorized to send you this brief outline of my client's position with the intention of scheduling a meeting to discuss possible resolution short of litigation. You will find the complaint filed against you by my client attached. This matter originates with Dr. Isaacs time as a Keck medical student. He was dismissed from the program while undergoing treatment for a head injury. He signed two settlement agreements with Keck to allow him a chance to start again in his pursuit a career in medicine. Despite the sealed nature of these records they were disclosed to Dartmouth, via the actions of John Doe, and needlessly ended the career of a talented physician. The unacceptable result is that Dr. Isaacs currently faces lifelong career and reputational assassination.

I anticipate discovery will show that the Keck SPC individual faculty members never would have imagined their actions would effectively punish Dr Isaacs for ultimately excelling in medical school, which is what has happened.   Given the nature of the RICO claims, it is also worth noting that the SPC members were prevented from learning of an improper relation between the NIH and Keck's Deans, and moreover, Ball and Henderson's retaliatory stance which ultimately extended to other institutions. As a consequence of the horrific events Isaacs faced over the last ten years, liability for Keck relates back to the events that transpired in 2006,

for, among others, the following reasons:

The New Hampshire Board, a competent authority, found that USC breached their settlement promises to Dr Isaacs by failing to discharge his negative administrative record. The NH Board order has withstood state and federal supreme court review. In view of the breached contract and your apparent liability for John Doe's disclosure of sealed academic records, we submit that this matter is very much ongoing and unsettled. Keck has an opportunity to correct damages inflicted from their past mistake of favoring a student who had, in her own words, been admitted only through her NIH connections and contributions to the Dean. Dr. Isaacs was undergoing treatment for a concussion at the time of the SPC dismissal; any jury will find it unconscionable if Keck continues to assert that Dr. Isaacs, who later excelled in medical school, deserves lifelong punishment for sending a paragraph of text messages to a student whose place in medical school was obtained through *quid pro quo*.

Admittedly, Keck USC is in an interesting position with regards to this case. On the one hand, the actions of Attorney Ball and others mentioned are retaliation in violation of RICO, but on the other, it does not appear that it was ever USC faculty's intention to bar Dr. Isaacs from rehabilitating and practicing medicine. This point, before service of the complaint offers us a short lived opportunity to resolve these issues.

Local Rule 16-15 states that it is the policy of the Court to have the parties discuss settlement. I am reaching out to you with the intention of conducting in person settlement discussions via a California licensed mediator/ADR, prior to requiring your answer or response to the complaint. Dr. Isaacs is a promising physician who has been looking for an opportunity to pursue his chosen career, and he is hopeful that the school where he began that path will reverse course and aid him in fulfilling that goal. USC is in a unique position to remedy the wrongs that,

as we can detail in the ADR, lead to a chain of misinformation and mistreatment at downstream institutions, and ultimately, White House factfinding and the World Bank President's resignation.[1]

In 2007, Dr Isaacs, *pro se*, appeared at the scheduling conference with United States District Judge Feess. He stated he wanted nothing from the lawsuit other than readmission to Keck. Feess, apparently incredulous that the matter had reached his courtroom, asked the parties to work out a settlement. Keck, apparently at the direction of Ball and Henderson, chose not to do the right thing. One can only hope, after over a decade of my client's suffering, we will not be making the same argument to United States District Judge Fischer.

In efforts to advance prompt exchange of information and reduce litigation costs, my client is willing to pay for the proposed ADR/mediation.[2] Kindly, accept or decline his offer at your earliest convenience.


Regards,




Atty. Keith A. Mathews

---

[1] USC's incoming President was also Jim Yong Kim's successor at Dartmouth, and had some duty to investigate the matter that ultimately, we believe, lead to White House questioning and said resignation. These matters will be detailed in discovery in the event Dr. Isaacs' RICO claims progress.

[2] If he would be willing/able to take the case, we propose Judge Gary A. Feess as an ADR mediator at Phillips ADR. We believe his potential; recollection of the case, at a relatively early time in the current dispute, would be beneficial to both sides. Alternatively, please provide us three other mediators to choose from.

# AFFIDAVIT OF SERVICE

| Case: 2:19-CV-02011-DSF-RAOx | Court: United States District Court for the Central District of California | County: | Job: 3487929 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Dr. Jeffrey Isaacs | | **Defendant / Respondent:** Darthmouth Hitchcock Medical Center | |
| **Received by:** The Nason Group, LLC | | **For:** Associated Attorneys of New England | |
| **To be served upon:** New Hampshire Board of Medicine | | | |

I, Thomas Vaughan, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Peggy Berube; License Clerk
New Hampshire Board of Medicine,
121 S Fruit St Suite 301,
Concord, NH 03301

**Manner of Service:** Authorized, Jun 21, 2019, 11:35 am EDT

**Documents:** Summons in a Civil Action; Proof of Service; Civil Cover Sheet; Plaintigg's Orignal Complaint and Demand for a Jury Trail; Confidential Settlement Agreement and Release; Confidential Settlement Agreement and Mutual Release

**Additional Comments:**
1) Successful Attempt: Jun 21, 2019, 11:35 am EDT at Company: 121 S Fruit St Suite 301, Concord, NH 03301 received by Peggy Berube; New Hampshire Board of Medicine. Age: 40; Ethnicity: Caucasian; Gender: Female; Weight: 140; Height: 5'2"; Hair: Brown; Relationship: License Clerk;
Served in hand to recipient

_____  6/25/19
**Thomas Vaughan**                **Date**

The Nason Group, LLC
75 S Main Street 7-302
Concord, NH 03301
6037481660

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
**Notary Public**

6/25/19
**Date**                **Commission Expires**

KRISTIN M. NASON
MY COMMISSION EXPIRES
MAY 17, 2022
NOTARY PUBLIC
N. HAMPSHIRE

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  2:19-CV-02011-DSF-RAOx

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  New Hampshire  Board of Medicine
was received by me on *(date)*  6/20/19  .

☐ I personally served the summons on the individual at *(place)* _____
_____  on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)*  Peggy Penise _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*  New Hampshire
Board of Medicine _____  on *(date)*  6/21/19  ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: 6/25/19 _____      _____
                                  *Server's signature*

                                  Thomas Vaughan
                                  *Printed name and title*

                                  75 S. Main St
                                  Concord, NH 03301
                                  *Server's address*

Additional information regarding attempted service, etc: