Dr. Jeffrey Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DR. JEFFREY ISAACS | |
| Plaintiff, | Case 2:19-CV-02011-DSF-RAO |
| vs. | **[PROPOSED] ORDER GRANTING PLAINTIFF'S PRELIMINARY INJUNCTION** |
| DARTMOUTH HITCHCOCK MEDICAL CENTER GEISEL SCHOOL OF MEDICINE AT DARTMOUTH USC KECK SCHOOL OF MEDICINE NH BOARD OF MEDICINE; | |
| and JOHN or JANE DOE, | |
| Defendants. | |

PROPOSED ORDER FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Upon consideration of Plaintiffs' Motion for a Preliminary Injunctive, the parties' briefing, and oral argument, this Court finds that Plaintiff has demonstrated a need for preliminary injunctive relief. See *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131-35 (9th Cir. 2011).

Accordingly, it is hereby ORDERED that, pending a trial on the merits,

1. The Settlement Agreements dismissing 06-cv-3338-GAF are valid and binding upon the parties, and as a matter of fact and law:
    a. USC legally contracted with Plaintiff to afford him "factual innocence" with the intent to allow him to put the Keck disciplinary matter behind him;
    b. The Global Settlement agreement, redundantly, acquitted Plaintiff of the aforementioned controversy.
    c. The Global Settlement agreement, redundantly, dismissed Plaintiff of any administrative charges, including that of breaching Keck essential characteristics professional conduct standards.
    d. Under both Settlement Agreements, it shall be considered a breach for USC/Keck to disclose or discuss or otherwise plead the charges as if they hadn't been discharged, rendered "factually innocent," & annulled; Keck shall not otherwise impede on the intent of the settlements.
    e. The Global Settlement agreement annulled all contracts between the parties, including the enrollment agreement.
2. Keck is prohibited from maintaining or disseminating any student records that do not contain the five points listed above cited prominently at the beginning of any such document.

3. USC Keck shall comply with this order that restricts the content of Dr Isaacs' academic records by liaising with the registrar's office within five (5) days.
4. USC Keck records may be held , republished, circulated, or otherwise exist in the following national clearinghouse repositories & databases:
    a. National Board of Medical Examiners (NBME)
    b. Liaison Committee on Medical Education (LCME)
    c. Federation of State Medical Boards (FSMB)
    d. Accreditation Committee for Graduate Medical Education (ACGME)
    e. American Academy of Medical Colleges (AAMC)
    f. Electronic Residency Application Service (ERAS)
    g. and/ or others that may exist,
5. Should the original content of these clearinghouses be derived from or refer to the Keck registrar's records, the clearinghouses are prohibited from maintaining or disseminating records that do not comply with this order within ten (10) days of this order.
6. USC Keck is mandated to update their records with all databases within ten (10) days of this order.
7. Any and all third parties, organizations, groups and/or legal entities are prohibited from publishing the Plaintiff's annulled Keck records.
8. Dr. Isaacs is not required to disclose these records under any circumstances, unless he is specifically asked by a law enforcement authority if a court order or expungement has ever included records pertaining to him.

So Ordered.

Dated:

Hon. Dale S. Fischer

United States District Judge