James P. Fogelman, SBN 161584
Shannon E. Mader, SBN 235271
Katarzyna Ryzewska, SBN 300386
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
  Los Angeles, California 90071-3197
Telephone: (213) 229-7000
  Facsimile: (213) 229-7520
JFogelman@gibsondunn.com
SMader@gibsondunn.com
KRyzewska@gibsondunn.com

Attorneys for Defendant
USC Keck School of Medicine

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br><br>            Plaintiff,<br><br>     v.<br><br>DARTMOUTH HITCHCOCK MEDICAL CENTER, GIESEL SCHOOL OF MEDICINE AT DARTMOUTH, USC KECK SCHOOL OF MEDICINE, NH BOARD OF MEDICINE (individually) and JOHN or JANE DOE,<br><br>            Defendants. | CASE NO. 2:19-CV-02011-DSF-RAO<br><br>**DEFENDANT USC KECK SCHOOL OF MEDICINE'S OPPOSITION TO PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION (AMENDED)**<br><br>[Proposed Order and Declaration of Katarzyna Ryzewska Filed Concurrently herewith]<br><br>**Hearing**<br>Date:     September 9, 2019<br>Time:     1:30 PM<br>Location: Courtroom 7D<br>Judge:    Hon. Dale S. Fischer |

## I. INTRODUCTION

Plaintiffs' Motion for Preliminary Injunction should be denied. It is illogical and incoherent, and has no support in either the law or the settlement agreements upon which Plaintiff relies. As set forth in Keck's pending Motion to Dismiss, all of Plaintiff's claims fail as a matter of law. Thus, none entitles Plaintiff to the relief he seeks. Further, nothing in the settlement agreements gives Plaintiff the right to enter Keck's campus, to re-apply to Keck, or to file "criminal charges" with Keck's private department of public safety relating to alleged events that purportedly took place a decade ago. To the contrary, Plaintiff expressly agreed that "his education at [Keck] has ended irrevocably and forever and will not be resumed again at any time in the future," that he "will not apply for or otherwise seek admission to [Keck] or any related or affiliated entity at any time in the future," and that he would "not file any lawsuits, charges, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof." Because Plaintiff seeks relief to which he is not entitled under any cognizable theory, his Motion should be denied.

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy.'"). "The basis for injunctive relief . . . has always been *irreparable injury* and the *inadequacy of legal remedies*." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (emphasis added). "'The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it.'" *Kohut v. Robinson*, No. CV 17-2358-MWF (SHK), 2018 WL 6133668, at *3 (C.D. Cal. Jan. 4, 2018) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of such

relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "A preliminary injunction may also be granted if the movant raises 'serious questions going to the merits' and the 'balance of hardships . . . tips sharply towards' it, as long as the second and third *Winter* factors are satisfied." *Disney Enters., Inc. v. VidAngel*, 869 F.3d 848, 856 (9th Cir. 2017) (quoting *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1134-35 (9th Cir. 2011)).

"In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 23 (quoting *Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 542 (1987)). "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Romero–Barcelo,* 456 U.S. at 312.

### III. ARGUMENT

#### A. Plaintiff Has Not Shown a Likelihood of Success.

Plaintiff has not shown (nor can he) that he is likely to succeed on the merits. To the contrary, as Keck and the Dartmouth Defendants have demonstrated in their respective Motions to Dismiss, all of Plaintiff's claims fail as a matter of law. *See* Dkt. 37 at 6-25; Dkt. 39-1 at 4-19; Dkt. 41 at 5-24. Keck incorporates those arguments here. Simply put, there is no serious question that Plaintiff's claims are barred by the applicable statutes of limitations and the doctrine of res judicata, and that even if they were not, Plaintiff has failed to state a single claim upon which relief can be granted.[1] Additionally, Plaintiff cannot show likely success on the merits because the relief he

---

[1] Plaintiff's complaint include no claims that would, if successful, authorize the Court to grant Plaintiff's request to enter Keck's campus to file charges or apply for a program. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (stating that the relief granted in a preliminary injunction must be "of the same character as that which may be granted finally.") (citation omitted); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41 (11th Cir. 1997), *amended on reh'g*, 131 F.3d 950 (11th Cir. 1997). Nor is there any possible claim under which Plaintiff *could* make such a request. Plaintiff is not a current student, employee, or invitee.

seeks is barred by the settlement agreements, the First Amendment, and Federal Rule of Civil Procedure 65. For these reason as well, the Motion should be denied.

### 1. The Settlement Agreements Bar the Relief Plaintiff Seeks

The relief that Plaintiff seeks is barred by the settlement agreements on which he claims to rely. Plaintiff is asking this Court to issue an Order "restrain[ing]" Keck from "impeding Plaintiff's access to [Keck's] facilities, including the Registrar's Office, [Keck] Police, [Keck] hospitals and clinics, or any [Keck] Premises where Plaintiff has a valid community or professional or commercial stake in attending." Dkt. 43-2 at 3 (¶ 7). But there is nothing in the settlement agreements that gives Plaintiff the right to access Keck's facilities for *any* purpose whatsoever—let alone to "apply to USC programs" or file "criminal charges." Declaration of Katarzyna Ryzewska, Ex. 1, at 1; Ex. 2, at 3; Ex. 3, at 3; Ex. 4, at 2.[2] To the contrary, Plaintiff expressly agreed that "his education at [Keck] has ended irrevocably and forever and will not be resumed again at any time in the future," that he "will not apply for or otherwise seek admission to [Keck] or any related or affiliated entity at any time in the future," and that he would "not file any lawsuits, charges, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof." Dkt. 43-1 at 5 (¶ 2), 6 (¶ 6). Simply put, Plaintiff is not a Keck student and has no valid reason to step foot on Keck's campus for any reason whatsoever.

### 2. Plaintiff's Request Violates the First Amendment

Plaintiff's demand that Keck be forced to alter its records to state that Plaintiff is "factually innocent" constitutes compelled speech in violation of the First Amendment. "[F]reedom of speech prohibits the government from telling people what they must say." *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 61 (2006).

---

[2] Plaintiff attaches a highly misleading and selectively edited version of his email exchange with Keck's counsel. While Keck does not believe the exchange is relevant to any material issue in dispute, it has included a complete version of the exchange for the Court's reference. As the Court can plainly see, at no point did counsel for Keck attempt to intimate or harass Plaintiff. Ryzewska Decl. Exs. 1-4.

This includes "compelling a private corporation to provide a forum for views other than its own." *Pac. Gas & Elec. Co. v. Pub. Util. Comm'n of Cal.*, 475 U.S. 1, 9 (1986). Here, Plaintiff is asking the Court to order Keck to make representations and statements with which it disagrees, including that "[Keck] legally contracted with Plaintiff to afford him 'factual innocence'" and "acquitted Plaintiff" of the "controversy." Dkt. 43-2 at 2 (¶ 1). There is *nothing* in the settlement agreements about Plaintiff's "factual innocence" or his having been "acquitted" of any changes, and this Court may not "compel affirmance of a belief with which the speaker disagrees." *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557, 573 (1995).

### 3.   Plaintiff Improperly Seeks To Enjoin Third Parties

A federal court may only enjoin only the parties, the parties' agents, and persons in active concert or participation with the parties or their agents. Fed. R. Civ. P. 65(d)(2). It "may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1984); *see also Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) ("[A] court may not enter an injunction against a person who has not been made a party to the case before it."); *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, No. 11-CV-04494-WHO, 2013 WL 4604746, at *4 (N.D. Cal. Aug. 28, 2013) ("'The decree is also objectionable because it enjoins persons not parties to the suit.'" (quoting *Scott v. Donald*, 165 U.S. 107, 117 (1897))). Here, Plaintiff seeks to enjoin every major "national clearinghouse repositor[y] & database[]" from "maintaining or disseminating" Plaintiff's academic records, and "[a]ny and all third parties, organizations, groups and/or legal entities . . . from publishing" Plaintiff's records. Dkt. 36-2 at 3, ¶¶ 4-5. This is improper. None of these entities is a party, an agent of a party, or in active concert or participation with the parties or their agents.

### B.   Plaintiff Has Not Shown Irreparable Harm.

Plaintiff has failed to establish irreparable harm. There is no simply no emergency warranting the extraordinary relief Plaintiff seeks. By Plaintiff's admission, "Dartmouth

terminated [him] in **_March 2012_**," and the Board of Medicine "published the [allegedly false revocation] orders on the internet" in "**_mid-2014_**." Dkt. 33 ¶¶ 102, 147 (emphases added). Since that time, Plaintiff has been pursuing multiple claims against multiple defendants in multiple jurisdictions. None of those courts ever issued injunctive relief despite Plaintiff's requests. *See* 2012 Summ. Order on Mot. for Prelim. Inj., No. 1:12-cv-00040-LM, ECF 35, June 8, 2012 (Ryzewska Decl., Ex. 5); 2017 Order on Mot. for Prelim. Inj., No. 1:17-cv-00040-LM, ECF 46, Sept. 14, 2017 (Ryzewska Decl., Ex. 6). Having waited years to file the instant lawsuit and having waited months thereafter to seek injunctive relief, Plaintiff cannot credibly claim irreparable harm. *See, e.g.*, *Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) ("a party requesting a preliminary injunction must generally show reasonable diligence"); *Oakland Tribune, Inc. v. Chronicle Publ'g Co.,* 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."); *Valeo Intellectual Prop. v. Data Depth Corp.*, 368 F. Supp. 2d 1131, 1128 (W.D. Wash. 2005) ("A three-month delay in seeking injunctive relief is inconsistent with Valeo's insistence that it faces irreparable harm.").

Further, Plaintiff has made no showing that granting the relief he seeks would remedy his alleged harm. Plaintiff claims that he has suffered "reputational harm" and "permanent career loss." Dkt. 43 at 15. But neither of these things can be restored through injunctive relief. As a direct result of Plaintiff's multiple lawsuits, there are publicly available documents on the dockets in multiple jurisdictions recounting his academic history, including his attendance at Keck, the termination of his residency at Dartmouth, and the revocation of his medical license by the Board of Medicine. *Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, No. 12-CV-040-LM, 2014 WL 1572559 (D.N.H. Apr. 18, 2014), *aff'd Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, No. 14-1544 (1st Cir. 2015); *Isaacs v. Trustees of Dartmouth Coll.*, No. 17-CV-040-LM, 2018 WL 734182 (D.N.H. Feb. 5, 2018), *motion for relief from judgment denied*, No. 17-CV-040-LM, 2018 WL 2225097 (D.N.H. May 15, 2018); *Isaacs v. Trustees of Dartmouth Coll.*, No.

CIV.A. 13-5708, 2014 WL 4186536 (E.D. Pa. Aug. 25, 2014), *aff'd sub nom. Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70 (3d Cir. 2015); *Isaacs v. United States Dep't of Educ.*, No. CV 17-11221-FDS, 2018 WL 1257760 (D. Mass. Mar. 12, 2018).[3] No injunction by this Court can change that fact.

### C. The Balance of Hardships Tips Against Plaintiff.

Plaintiff has failed to show that the balance of hardships tips sharply in his favor. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 930 (9th Cir. 2003). As set forth above, Plaintiff will suffer no irreparable harm if the Motion is denied. The status quo will simply remain in place, as it has for years, while the merits of Plaintiff's claims are litigated in ordinary course. By contrast, granting the Motion would impose an immediate and substantial hardship on Keck.

First, Keck would not only be forced to adopt Plaintiff's erroneous interpretation of the settlement agreements, but to copy and paste it on every single record maintained by Keck and to disseminate such records to every "national clearinghouse repositor[y] & database[]." This is not only nonsensical, but the very definition of irreparable harm. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))).

Second, forcing Keck to allow Plaintiff to trespass onto Keck's property would expose Keck to significant liability. Plaintiff is currently engaged in contentious litigation with Keck. Among other things, he has accused Defendants of "assassinat[ing] [his] career, reputation, and health." Dkt. 43 at 14. There is no way for Keck to know whether the Plaintiff would become agitated, harassing, or threatening to students or staff. By contrast, there is absolutely no hardship to Plaintiff in staying off campus. To the extent that Plaintiff needs to communicate with Keck, he can do so through counsel.

---

[3] In this action alone, Plaintiff has publicly filed the confidential 2007 and 2008 settlement agreements and the no-trespassing order issued by Keck in 2006. Dkt. 43-1 at 1-10, 17. Plaintiff nowhere explains how this Court can prevent the dissemination of documents that Plaintiff publicly filed on PACER.

To the extent he wants to communicate with friends or colleagues who are affiliated with Keck, he can call them, email them, or meet with them off campus. There is simply no need for Plaintiff to enter campus and doing so would only cause mischief.

Finally, voiding the settlement agreements as "illegal hush agreements" and allowing Plaintiff to "immediately resum[e] prosecution" of his released claims would not only contravene basic legal principles of finality, but would wrongly imply illegal conduct by Keck and subject Keck to further harassment by Plaintiff. Dkt. 43-3 at 2.

In sum, the balance of the hardship tips decisively in favor of Keck.

### D. The Public Interest Weighs Against Plaintiff.

"The public interest inquiry primarily addresses impact on non-parties rather than parties." *Bernhardt*, 339 F.3d at 931 (internal quotations omitted). Indeed, when "an injunction is asked which will adversely affect a public interest . . . the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff." *Romero-Barcelo*, 456 U.S. at 312-13. *See also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009) (finding an abuse of discretion where the district court issued an injunction that "clearly reached non-parties").

Here, there can be no question that granting the Motion would adversely affect the rights of non-parties. Plaintiff is seeking to *restrict* the free speech of non-parties and *limit* the free flow of information to non-parties through the issuance of an injunction that would prevent them from maintaining or disseminating records regarding Plaintiff's attendance at Keck. The "significant public interest in upholding First Amendment principles" weighs heavily against the issuance of such an injunction. *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 974 (9th Cir. 2002) (overruled on other grounds by *Winter,* 555 U.S. at 22).[4]

---

[4] *See also CTIA-The Wireless Ass'n v. City of Berkley*, 854 F.3d 1105, 1124 (9th Cir. 2019) (affirming denial of preliminary injunction where injunction "would injure the public interest in having a free flow of accurate information"); *Doe v. Oesterblad*, No. EDCV130514JGBDTBX, 2013 WL 12085541, at *5-6 (C.D. Cal. May 9, 2013

### E. Plaintiff is Not Entitled to Preliminary Declaratory Relief.

Plaintiffs' request for preliminary declaratory relief should be denied. A motion for a preliminary injunction is not the appropriate vehicle for seeking declaratory relief. "[P]rior to final judgment there is no established declaratory remedy comparable to a preliminary injunction." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975). *See also Siegel v. Salisbury*, 379 F. Supp. 317, 324 (W.D. Pa. 1974) ("There is no such thing as a preliminary declaratory judgment"). Requests for declaratory relief are governed by Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201. Plaintiff has not even attempted to comply with those provisions, and there is no basis for granting declaratory relief in any event. As set forth above, all of Plaintiff's claims fail as a matter of law, and nothing in the settlement agreements authorizes the declaratory relief he seeks.

## IV. CONCLUSION

For the foregoing reasons, Keck respectfully requests that the Court deny Plaintiff's Motion for Preliminary Injunction, as Amended.

Dated: August 19, 2019               GIBSON, DUNN & CRUTCHER LLP


By: */s/ James P. Fogelman*
     James P. Fogelman

Attorney for USC Keck School of Medicine

---

(denying preliminary injunction where First Amendment rights would be infringed); *Chang v. Rehab. Hosp. of the Pac.*, No. CV 19-00383 JMS-KJM, 2019 WL 3759437, at *8 (D. Haw. July 31, 2019) (holding that reporting a doctor's suspension is "in the public interest").