**WADLEIGH, STARR & PETERS, PLLC**
Pierre A. Chabot – NHBA # 17606 (*Pro hac vice*)
Elizabeth E. Ewing – NHBA #269009 (*Pro hac vice*)
95 Market Street
Manchester, NH 03101
Telephone: (603) 669-4140
*pchabot@wadleighlaw.com*
*eewing@wadleighlaw.com*

**AKERMAN LLP**
Kanika D. Corley (State Bar No. 223607)
*kanika.corley@akerman.com*
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
THE TRUSTEES OF DARTMOUTH COLLEGE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DARTMOUTH HITCHCOCK MEDICAL CENTER, GEISEL SCHOOL OF MEDICINE AT DARTMOUTH, USC KECK SCHOOL OF MEDICINE, NH BOARD OF MEDICINE (individually) AND JOHN OR JANE DOE,<br><br>　　　　Defendants. | CASE NO. 2:19-cv-02011-DSF-RAO<br>The Hon. Dale S. Fischer<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**<br><br>Date:　　Monday, October 7, 2019<br>Time:　　1:30 p.m.<br>Courtroom: 7D<br><br>Complaint Filed: March 18, 2019 |

50080451;1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

A. Applicable Standards ...................................................................................1

B. Dr. Isaacs' Amendment is Sought in Bad Faith ...........................................2

C. Much of Dr. Isaacs' Amendment is Characterized by Undue Delay ..................3

D. In the Alternative, the Court Should Construe This Objection and the Prior Motion to Dismiss Together as A Motion to Dismiss Isaacs' Second Amended Complaint ..................................................................................3

50080451;1

# TABLE OF AUTHORITIES

**Cases**

*Delgado v. Orchard Supply Hardware Corp.*, No. 1:09-cv-01839 SMS,
   2011 WL 4627073 (E.D. Cal. Oct. 3 2011)..........................................................2

*Larios v. Nike Retail Svcs., Inc.* No. 11-cv-1600-GPC-NLS,
   2013 WL 4046680 (S.D. Cal. Aug. 9, 2013)........................................................2

*Leitner v. Sadhana Temple of New York, Inc.*, No. CV 13-07902,
   2014 WL 12591666 (C.D. Cal. May 8, 2014)............................................. 1, 2, 4

*Wininger v. SI Mgmt., L.P.*, 33 F. Supp. 2d 838 (N.D. Cal. 1998).............................4

**Rules**

L.R. 7-9 ........................................................................................................................2

Dr. Isaacs' Proposed Second Amended Complaint ("PSAC") does not add any new allegations that would entitle him to any new form of legal relief as against the Trustees of Dartmouth College (the "College"). However, it would appear to be motivated by undue delay and/or bad faith, and so the Motion to Amend should be denied. Notably, Plaintiff failed to object to the Motion to Dismiss and Memorandum of Points and Authorities filed by the College on August 2, 2019. Doc. 39 & 39-1. Now, in addition to attempting to add several spurious claims against counsel for the Keck School of Medicine at the University of Southern California ("USC"), Dr. Isaacs appears to be trying to remedy his oversight by amending his complaint and forcing a new round of briefing on the Motion to Dismiss, to which he did not respond. Dr. Isaacs should not be allowed to remedy his procedural oversight in this fashion; his Motion to Amend should be denied, and the Court should proceed to consider the College's Motion to Dismiss Amended Complaint, Doc. 39, on the extant record.

A.  **Applicable Standards**

There has been no scheduling order in this matter setting a deadline for amendments to pleadings, and so Dr. Isaacs' present motion will be analyzed under the standard of Federal Rule of Civil Procedure 15. *E.g. Leitner v. Sadhana Temple of New York, Inc.*, No. CV 13-07902, 2014 WL 12591666 at * 4 (C.D. Cal. May 8, 2014). Rule 15 "mandates that leave to amend be freely given whenever justice requires." *Id.* However, and despite the "extraordinary liberality" with which this policy is applied, there are limits, including when a plaintiff seeks an amendment that is in bad faith, where it creates undue delay, or when undue prejudice to an opposing party would result. *Id.*

Although the extreme prejudice to USC that would result from allowing Dr. Isaacs' amendment is apparent—as he seeks to turn their counsel of record into a party, apparently for the purpose of trying to conflict them out of the defense of this matter— the undue delay and bad faith factors also weigh strongly against allowing amendment here. The College focuses here only on these latter two factors.

50080451;1

B.   **Dr. Isaacs' Amendment is Sought in Bad Faith**

"A party acts in bad faith when it seeks to amend its pleadings solely for a 'wrongful motive' such as unnecessary delay or harassment." *Id.* (*quoting Delgado v. Orchard Supply Hardware Corp.*, No. 1:09-cv-01839 SMS, 2011 WL 4627073 at *3 (E.D. Cal. Oct. 3 2011) (further citations omitted)). The "bad faith" inquiry focuses on the "plaintiff's motives for not amending the complaint to assert the proposed new claims earlier." *Id.* (*citing Larios v. Nike Retail Svcs., Inc.* No. 11-cv-1600-GPC-NLS, 2013 WL 4046680 at *3 (S.D. Cal. Aug. 9, 2013)). As noted above, and as the College expects USC will argue quite forcefully, Dr. Isaacs' harassment of USC is manifest.

However, it also appears that Dr. Isaacs has unnecessarily delayed adding these new claims for a different purpose. As alluded to above, Dr. Isaacs never objected to the Motion to Dismiss, Doc. 39, or the Request for Judicial Notice, Doc. 40, filed by the College—or to the cognate filings of Dartmouth-Hitchcock Medical Center ("DHMC"), Docs. 37 and 38. Nor did Dr. Isaacs ever lodge an objection to the Motion to Dismiss filed by USC, Docs. 41 & 42. These motions were all filed by August 2, 2019, and all set a hearing date of September 16. By counsel's arithmetic, Plaintiff's deadline to file any opposition papers was, at latest, August 26, 2019. L.R. 7-9.

One day *after* this deadline elapsed, Dr. Isaacs filed his Second Amended Complaint without any motion for leave, Doc. 50. This complaint was stricken by the Court, Doc. 51, and the Motion to Amend followed later that evening. Doc. 52. Dr. Isaacs has not lodged any objection to the Motions to Dismiss, nor has he sought leave to extend the date to do so. Without any evidence or argumentation on record in opposition to the defendants' various motions to dismiss, Dr. Isaacs appears to seek only to prolong the inevitable by forcing another round of briefing.[1] Dr. Isaacs should not be

---

[1] Dr. Isaacs, in an email dated August 20, 2019—six days *before* his deadline to respond had elapsed—offered to "keep the motion date for the MTD [defendants] had already filed" when he reached out to counsel concerning his proposed amendment, "stipulating that we can file addendums to the MTD for the new claims raised." If Dr. Isaacs continues to espouse this position, that would largely remove the "bad faith" concern presented by the College—though certainly not the other bad faith and prejudice concerns likely to be raised by USC.

2

50080451;1

allowed to force a third round of briefing concerning his previously-litigated, time-barred claims against the College. This would disrupt the efficient administration of justice, and subject the College to still more unnecessary and undue expense to defend this case, which they have won twice previously in other courts.

### C. Much of Dr. Isaacs' Amendment is Characterized by Undue Delay

Dr. Isaacs adds several new factual allegations that largely rehash information that has been the subject of his various lawsuits for the better part of a decade. See, e.g., ¶ 73 (discussing digital rectal exams discussed ad nauseum in 2012 and 2017 District of New Hampshire litigation); ¶ 87 (discussing transmission of USC disciplinary records to "Dartmouth" by unnamed actor); ¶¶ 120-122 (discussing New Hampshire Department of Employment Security proceedings and evidence purportedly "lost" immediately thereafter-from 2012); ¶ 234 (noting that the "Program Director" at DHMC is likely to change between now and the conclusion of the lawsuit, which, if true, was known to him at the outset of this case). Dr. Isaacs has a very lengthy history of using amendments to try to avoid dismissal on the merits, or worse—indeed, the first amendment in his 2017 lawsuit in the District of New Hampshire was made for the express purpose of avoiding Rule 11 sanctions, given the transparency of his effort to relitigate the 2012 case. See, e.g. Doc. 40-13, Plaintiff's First Amended Complaint at ¶¶ 6-9, No. 1:17-cv-00040-LM (United States District Court, District of New Hampshire). Dr. Isaacs has known about all of the new allegations he attempts to make in the PSAC, at least insofar as they relate to the College, since before he filed his original complaint – and in most instances, for many years. He should not be given leave to add these allegations now, regardless of his effort to add allegations about the litigation conduct of USC in this case.

### D. In the Alternative, the Court Should Construe This Objection and the Prior Motion to Dismiss Together as A Motion to Dismiss Isaacs' Second Amended Complaint.

Although the Court has ample discretion to deny the most recent Motion to Amend based on the arguments and authority set forth herein, as well as based on the arguments

3

50080451;1

and authority presented by codefendants (whose oppositions are incorporated by reference herein), should the court elect to allow Dr. Isaacs to amend, it appears that there is precedent for construing this Objection, together with the previously-filed Motion to Dismiss, Doc. 39, together as a Motion to Dismiss the Second Amended Complaint. *See Leitner*, *supra* 2014 WL 12591666 at *8 (*citing and quoting Wininger v. SI Mgmt., L.P.*, 33 F. Supp. 2d 838, 848 (N.D. Cal. 1998)). There is no apparent basis to delay the determination of the College's Motion to Dismiss, and the College respectfully requests that its previous Motion to Dismiss be considered on its merits should the Court elect to grant Dr. Isaacs' Motion to Amend.

DATED: September 6, 2019    Respectfully submitted,

**AKERMAN LLP**

By: */s/ Kanika D. Corley*
    Kanika D. Corley
    Attorneys for Defendants, THE TRUSTEES OF DARTMOUTH COLLEGE and DARTMOUTH HITCHCOCK MEDICAL CENTER

Pierre A. Chabot – NHBA # 17606
*Pro hac vice*
Elizabeth E. Ewing – NHBA #269009
*Pro hac vice*
**WADLEIGH, STARR & PETERS, PLLC**
95 Market Street
Manchester, NH 03101
Telephone: (603) 669-4140
pchabot@wadleighlaw.com
eewing@wadleighlaw.com

Attorneys for Defendant,
THE TRUSTEES OF DARTMOUTH COLLEGE

4

50080451;1