# EXHIBIT 1
To the Declaration of Kanika D. Corley

**Corley, Kanika (Ptnr-Lax)**

| | |
|---|---|
| **From:** | Corley, Kanika (Ptnr-Lax) |
| **Sent:** | Thursday, September 5, 2019 12:45 PM |
| **To:** | 'jeffrey.isaacs.wg03@wharton.upenn.edu' |
| **Cc:** | 'Edelman, Lawrence' |
| **Subject:** | Isaacs - Request for Stipulation or, Alternatively, L.R. 7-3 Conference in Advance of Motion to Set Aside |

Dear Dr. Isaacs,

On behalf of the New Hampshire Board of Medicine (the "Board"), we write to request that you stipulate to set aside the August 28, 2019 default entered by the Clerk. The Board requests the stipulation on the basis that good cause exists to have the default set aside. Should you decline the Board's request for stipulation, the Board will file a Motion to Set Aside and in that case hereby requests a formal L.R. 7-3 conference. Following your review of the non-exhaustive analysis below, please advise as to how you would like to proceed.

It is the position of the Board that good cause exists to set aside the default under Federal Rule of Civil Procedure 55(c). As you know, "[t]he Federal Rules provide that a 'court may set aside an entry of default for good cause…." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereinafter "*Mesle*") (quoting Fed. R. Civ. P. 55(c)). "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default … would prejudice' the other party." *Id.* (quoting *Franchise Holding II v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 925-26 (9th Cir. 2004)). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* "Additionally, '[w]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context,'" as in this case. *Mesle*, 615 F.3d at 1091 n. 1 (quoting *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 631 (7th Cir.2009) (quotations and citations omitted)). "This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend." *Id.*

As to the facts here, you have not properly served the Board pursuant to Federal Rule of Civil Procedure 4. Federal Rule of Civil Procedure 4(m), provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  This action was filed

1

on March 18, 2019, and a Summons naming the Board was issued the same day.  In your August 25 Application for Entry of Default, you asserted that the Board "was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on 6/21/2019," five (5) days after the Summons expired or, put differently, five (5) days after Fed. R. Civ. P. 4(m) commanded dismissal of the lawsuit, without prejudice, as to the Board.  Service of process was therefore defective and, *at minimum*, "good cause" exists to set aside the entry of default.

In addition, Federal Rule of Civil Procedure 4(j) provides that "[a] . . . state-created governmental organization [like the Board] that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in a manner prescribed by that state's law for serving a summons or like process on a defendant.  Only the New Hampshire Department of Justice, as the legal representative of "the state and its executive branch agencies in all civil legal matters," N.H. Rev. Stat. § 21-M:2, II(a), has the authority to accept service of process on behalf of state boards and agencies.  *See* MacDonald, Wiebusch on New Hampshire Civil Practice and Procedure § 10.24 *Accepting Service of Process* ("The attorney general, his or her deputy, and assistants are the only officers of state government authorized to represent state officials, employees, agencies, boards, and commissions in court.  In that capacity, they have the same authority as any private attorney to agree to accept service of process on behalf of their clients.").

In New Hampshire, no general statute exists for serving the State, including its boards, agencies, or committees.  The default rule, consistent with Fed. R. Civ. P. 4(j), is to serve the chief executive officer of the board (in this case, the president of the Board of Medicine) or to serve every member of the board and its secretary.  The proof of service affidavits you filed with the Court do not show that occurred in this case. Rather, you allegedly served Peggy Berube, a License Clerk. However, no provision of New Hampshire law designates or authorizes the "License Clerk" to receive or accept service of process on behalf of the Board. More importantly, Ms. Berube has no recollection of interacting with anyone purportedly serving a lawsuit and will attest to the same in support of a Motion to Set Aside.  Moreover, no provision of New Hampshire law conferred authority on the purported private process server to serve the Board.

Good cause also exists to set aside the default because, under the Eleventh Amendment, the USDC, Central District of California is without subject matter jurisdiction to adjudicate the claims you assert against the Board. Further, the Board is a sovereign state agency entitled to immunity on all of the claims against it and meets the arm-of-state analysis applied by the Ninth Circuit.  Further, the claim is barred by the applicable statute of limitations and, we anticipate, by the doctrine of *res judicata*.

Further, since the default was not the consequence of culpable conduct by the Board, good cause exists to set the default aside. "The Ninth Circuit Court has 'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where

there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'" *Yan v. General Pot, Inc.*, 78 F. Supp. 3d 997, 1004 (N.D. Cal. 2015) (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)). "Thus, 'a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer.'" *Id.* (quoting *TCI Group Life Ins. Plan*, 244 F.3d at 697). "In this context, 'intentionally' means that 'a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092–93 (quoting *TCI Group Life Ins. Plan*, 244 F.3d at 697).

In this case, the Board did discover the expired summons and proof of service approximately one month after it had been left at the agency. That summons itself, with the proof of service affidavit filled out by the individual who had delivered it, reveals that the method of service did not conform to Federal Rule of Civil Procedure 4(j). On August 1, 2018, you filed a proof of service with the Court purporting to have made service in a different manner. As a result, there exists a substantial question as to the factual validity of those proof of service affidavits and those affidavits themselves also do not demonstrate a method of service that conforms to Federal Rule of Civil Procedure 4(j) or state law. Nonetheless, after assessing these legal documents and the Board's potential legal obligations, the Board through the New Hampshire Attorney General's Office, retained local counsel to appear in the case. The Board's conduct was not "a devious, deliberate, willful, or bad faith failure to respond." Nor was it the Board's "intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." Accordingly, the Board has not engaged in culpable conduct.

Fourth, the Board has numerous meritorious defenses that would effectively dispose of the matter on a Rule 12 Motion. Specifically, and without limitation, service of process was not properly made on the Board; personal jurisdiction, both general and specific, does not exist over the Board; the Board is a sovereign agency entitled to Eleventh Amendment immunity on all of the claims against it, including the Section 1983 claim and the RICO claim; and, among others, the Complaint fails to state a cause of action against the Board.

Lastly, you will not suffer prejudice by the lifting of the default. The case is in its early stages with each defendant challenging the action through Motions to Dismiss.

Accordingly, for the above reasons, the Board respectfully requests that you stipulate to set aside the default. Should you decline the Board's request, please advise as to your availability to engage in a L.R. 7-3 conference to take place on Friday, September 6,

2019 at 2:00 pm PST; Monday, September 9, 2019 at 9:00 am PST; or Tuesday, September 10, 2019 at 11:00 am PST. Should a call become necessary, we will use the following dial-in number and participant code: (844) 263-5416 | 2135335942.

Thank you.

**Kanika Corley**
Partner
Akerman LLP | 601 West Fifth Street, Suite 300 | Los Angeles, CA 90071
D: 213 533 5942 | T: 213 688 9500 | F: 213 599 2677
kanika.corley@akerman.com