Dr. Jeffrey Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DR. JEFFREY ISAACS<br><br>Plaintiff,<br><br>vs.<br><br>DARTMOUTH HITCHCOCK MEDICAL CENTER<br>GEISEL SCHOOL OF MEDICINE AT DARTMOUTH<br>USC KECK SCHOOL OF MEDICINE<br>NH BOARD OF MEDICINE;<br><br>and JOHN or JANE DOE,<br><br>Defendants. | Case 2:19-CV-02011-DSF-RAO<br><br>**PLAINTIFF'S NOTICE OF DISMISSAL WITHOUT PREJUDICE (AMENDED)** |

# NOTICE OF FILING SECOND AMENDED COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff hereby dismisses all claims, without prejudice, against all Defendants, with the exception of NH Board of Medicine, who Defaulted. Plaintiff has retained counsel and is simultaneously filing the proposed SAC as a new complaint in this Court.

Given the unreasonable delays in filing critical, new information, Plaintiff must secure his rights , without undue delay, under California Anti-SLAPP and federal witness retaliation law. Given the motion practice currently underway, Plaintiff is simply not protected by a unreasonably delayed Motion for Leave to Amend, which should have been granted under "extraordinarily liberality."  Plaintiff is currently under threats by USC and Gibson Dunn where he cannot receive medical care in Los Angeles or conduct free commerce. Moreover, newly discovered critical "smoking gun" evidence is not being permitted to be considered in a pending MTD, in part because opposing counsel refused to grant a 7-3 Meet & Confer to strike the pending MTD.

Under applicable FRCP, the clerk is hereby requested to enter immediate dismissal of this action, without prejudice. Per FRCP 41, Dismissal of Actions, (a) Voluntary Dismissal (1) By the Plaintiff. (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

Here, no parties filed an answer, let alone a substantive response on the merits to either the Amended Complaint, the proposed SAC, or the proposed preliminary injunction. As a

matter of right, Plaintiff may dismiss claims against them because they never answered the complaints.

However, the NH Board of Medicine has defaulted. They today filed a response, in contravention of California Code of Procedure, which does not offer any meritorious defense as to their mistreatment of Plaintiff. Their argument, on technicalities alone, is that 1) They were served two days late, 2) the person served did not have the exact height or weight annotated by the process server, and 3) that the State of New Hampshire "enjoys immunity" from RICO and Section 1983 claims. But California Code does not allow NH to request dismissal on their own non-meritorious technicalities as some favorable form to a default judgment, which is also a non-meritorious technicality. Unless the State of NH can actually provide a defense on the merits, i.e. why they denied the existence of a federal settlement agreement sealing Plaintiff's Keck disciplinary records, their default should stand and damages shall be awarded.

Respectfully submitted, this 12th day of September, 2019.

                                        /s/ Jeffrey Isaacs
                                        Dr Jeffrey Isaacs
                                        3553 West Chester Pike Unit 177
                                        Newtown Square, PA 19073
                                        Plaintiff, *pro se*

# CERTIFICATE OF SERVICE

I, Dr. Jeffrey Isaacs, do declare as follows:

I certify that a copy of the foregoing **NOTICE OF DISMISSAL WITHOUT OPREJUDTCE** was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 12th day of September, 2019.

/s/ Dr Jeffrey Isaacs

Dr Jeffrey Isaacs

Plaintiff, *pro se*

Isaacs v. Dartmouth, USC et al
Case No. 19-CV-02011-DSF