James P. Fogelman, SBN 161584
Shannon E. Mader, SBN 235271
Katarzyna Ryzewska, SBN 300386
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
JFogelman@gibsondunn.com
SMader@gibsondunn.com
KRyzewska@gibsondunn.com

Attorneys for Defendant
USC Keck School of Medicine

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br><br>                    Plaintiff,<br><br>          v.<br><br>DARTMOUTH HITCHCOCK MEDICAL CENTER, GIESEL SCHOOL OF MEDICINE AT DARTMOUTH, USC KECK SCHOOL OF MEDICINE, NH BOARD OF MEDICINE (individually) and JOHN or JANE DOE,<br><br>                    Defendants. | CASE NO. 2:19-CV-02011-DSF-RAO<br><br>**DEFENDANT USC KECK SCHOOL OF MEDICINE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS FIRST AMENDED COMPLAINT**<br><br>[Proposed Order, Request for Judicial Notice and Declaration of Katarzyna Ryzewska Filed Concurrently herewith]<br><br>**Hearing**<br>Date:      October 7, 2019<br>Time:      1:30 PM<br>Location:  Courtroom 7D<br>Judge:     Hon. Dale S. Fischer |

## I.    INTRODUCTION

Plaintiff's Motion for Leave to Amend ("Motion") should be denied. While Plaintiff purports to have filed a dismissal of this case, Keck is filing this opposition as a precaution in the event the Court deems the request for dismissal improper.

All of Plaintiff's new claims and allegations fail for the same reasons as his old ones, and the Proposed Second Amended Complaint ("PSAC") is nothing more than a bad faith attempt to delay a ruling on Keck's pending motion to dismiss and to prejudice Keck by naming its counsel of record, Gibson, Dunn & Crutcher ("Gibson Dunn"), as a defendant and by threatening to call Gibson Dunn attorneys as witnesses. Plaintiff even admitted to Keck's counsel that causing the disqualification of Gibson Dunn was his intention. Plaintiff seeks to sue Gibson Dunn for simply doing their job, and the only reason Plaintiff has filed this Motion is to harass Keck and their counsel.

Further, the PSAC includes purportedly "new" allegations that Plaintiff has known about for years, as evidenced by his prior lawsuits. Plaintiff has offered no explanation for why he failed to include these allegations in any of his prior complaints. For all of these reasons and those set forth below, the Motion should be denied.

## II.    LEGAL STANDARD

After a responsive pleading is filed, a party may amend the pleading only by leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). "District courts have substantial discretion in determining when an amendment should be allowed." *Butler v. Robar Enters., Inc.*, 208 F.R.D. 621, 622 (C.D. Cal. 2002) (citing *Plumeau v. Sch. Dist. No. 40 County of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997)). Courts in the Ninth Circuit consider five factors in deciding a motion for leave to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opposing party; (4) futility; and (5) whether the plaintiff has previously amended the complaint. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Any of the first four factors—without more—justifies denial of leave. *See Chudacoff v. Univ. Med. Ctr. of So. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Further, the court's discretion is particularly broad where the plaintiff has previously

amended the complaint. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Here, all five factors weigh heavily in favor of the Court denying Plaintiff's Motion.

## III.    ARGUMENT

### A.    Plaintiff's New Claims and Allegations Are Futile

Futility alone justifies denying a motion for leave to amend. *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). "A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011), *on reh'g en banc*, 681 F.3d 1041 (9th Cir. 2012) (citations omitted) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)). "Thus, the 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" *Id.* (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

The PSAC seeks to add two new claims against Keck (Fraud and Rescission) and to add Keck's counsel of record as a defendant to four separate claims, one of which is entirely new (Intentional Infliction of Emotional Distress, Intentional Interference with Contractual Relations, RICO, and Due Process and First Amendment Violations). For the reasons set forth in Keck's pending Motion to Dismiss, all of Plaintiff's existing claims fail as a matter of law because they are barred by the settlement agreements, the doctrine of res judicata, the applicable statutes of limitations, and for various other reasons. Plaintiff's proposed amendment does not cure any of these deficiencies, and its new claims suffer from these same (and other) deficiencies.

### 1.    Plaintiff's New Claims Are Time Barred

Plaintiff's new claims for rescission and fraud are futile because they are barred by the applicable statutes of limitations. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987). As explained in Keck's pending Motion to Dismiss, Plaintiff's breach of contract claim is barred by the four-year statute of limitations. *See Cal. Civ.*

Proc. Code § 337(1). For this same reason, Plaintiff's rescission claim, which is based on the same exact factual allegations (ECF 52-1 ¶¶ 321-24), is barred by the statute of limitations. *Galen v. Mobil Oil Corp.*, 922 F. Supp. 318, 320 (C.D. Cal. 1996) (applying the four-year statute of limitations to a rescission claim) (citing Cal. Civ. Proc. Code § 337).

Plaintiff's new fraud claim is barred by the three-year statute of limitations. *See* Cal. Civ. Proc. Code § 338; *Sun'n Sand, Inc. v. United Cal. Bank*, 21 Cal. 3d 671, 701 (1978). A claim for fraud accrues when the aggrieved party discovers the facts constituting the fraud. *See* Cal. Civ. Proc. Code § 338(d); *Austin v. Medicis*, 21 Cal. App. 5th 577, 588 (2018). By Plaintiff's own admission, he became aware of the facts constituting the alleged fraud as early as 2012. In his original Complaint, Plaintiff expressly alleged that he "became aware of the illegal situation *in early January 2012*," and "has diligently sought to uncover the predicate acts via federal discovery that began in *January 2012*." ECF 1 ¶¶ 74, 162 (emphases added). In an obvious attempt to plead around the statute of limitations, Plaintiff deleted these allegations from the FAC. *See* ECF 33 ¶¶ 79, 155. However, the FAC still alleges that "Dartmouth terminated Isaacs in *March 2012*," and that the Board of Medicine "first published the above false [revocation] orders on the internet" in "*mid-2014*." *Id.* at ¶¶ 102, 147 (emphases added). These allegations conclusively establish that Plaintiff knew of the alleged disclosure of his Keck records as early as 2012 and by no later than 2014.[1]

## 2.    Plaintiff's New Claims Are Barred as Res Judicata

Plaintiff's fraud and rescission claims (ECF 52-1 ¶¶ 321-24, 333-41) are barred as res judicata. Under California law, res judicata precludes a party from relitigating (1) the same claim, (2) against the same party, (3) when that claim proceeded to a final

---

[1]  In the PSAC, Plaintiff attempts yet again to plead around the statute of limitations by claiming he did not become aware of the alleged fraud until 2019 when he discovered an AAMC profile referencing his attendance. ECF 52-1 ¶¶ 55, 193, 221, 341. But the AAMC profile is irrelevant. Plaintiff admits he was terminated by Dartmouth in 2012 and that his medical license was revoked by the Board of Medicine in 2014 based in part on the fact that he failed to disclose his attendance at Keck. *Id.* at ¶¶ 116, 164.

judgment on the merits in a prior action. *Adam Bros. Farming v. Cty. of Santa Barbara*, 604 F.3d 1142, 1148–49 (9th Cir. 2010).

This is not the first time that Plaintiff has challenged the validity of the settlement agreements. In *Isaacs v. University of Southern California*, Keck was forced to file a motion to enforce the settlement agreements when Plaintiff refused to dismiss the action, as required by the agreements. *See* Declaration of Katarzyna Ryzewska, Ex. 1, at 3 (Mot. to Enforce Settlement Agreement, Case No. CV-06-3338 GAF, ECF 77.) In his opposition, Plaintiff argued that the agreements were invalid due to lack of consideration, his alleged lack of knowledge regarding the agreement's meaning, illegality and/or impracticability, duress, unclean hands, undue influence, and unconscionability. *See* Ryzewska Decl. Ex. 2, at 82-84 (Isaacs Opp. to Mot. to Enforce Settlement Agreement, Case No. CV-06-3338 GAF, ECF 78) ("2008 Opposition"). Plaintiff makes the identical arguments here:

> ***Lack of consideration***: In his 2008 Opposition, Plaintiff claimed the agreements lacked consideration because they did not completely clear his academic record or refund his tuition. Ryzewska Decl. Ex. 2, at 82. In his new rescission claim, Plaintiff alleges that "[t]he contract was unlawful in that no consideration was granted to Plaintiff." ECF 52-1 ¶ 324.

> ***Lack of full knowledge***: In his 2008 Opposition, Plaintiff claimed he signed the agreements "without full knowledge of [their] meaning." Ryzewska Decl. Ex. 2, at 82. In his new rescission claim, Plaintiff alleges that "Plaintiff's consent was by mistake." ECF 52-1 ¶ 324.

> ***Illegality***: In his 2008 Opposition, Plaintiff claimed the agreements were illegal because he could not truthfully answer questions about his attendance on future applications. Ryzewska Decl. Ex. 2, at 82-83. In his new rescission claim, Plaintiff alleges that the agreements are unlawful. ECF 52-1 ¶ 324.

> ***Unclean Hands/Fraud***: In his 2008 Opposition, Plaintiff claimed that Keck did not enter into the agreements in good faith. Ryzewska Decl. Ex. 2, at 83.

Gibson, Dunn & Crutcher LLP

Plaintiff's new fraud claim is based on the allegation that Keck did not intend to honor the agreements. ECF 52-1 ¶¶ 334-35.

***Unconscionability***: In his 2008 Opposition, Plaintiff claimed that the "consideration offered is so obviously inadequate that to enforce the contract would be unfair." Ryzewska Decl. Ex. 2, at 84. Plaintiff's new rescission claim states that the settlements "clearly deprived Plaintiff of any consideration." ECF 52-1 ¶ 324.

All of these argument were rejected by Judge Gary Feess in 2008. *See* Ryzewska Decl. Ex. 3, at 95-98 (Order Re: Motion to Enforce Settlement Agreement, Case No. CV-06-3338 GAF, ECF 81) ("2008 Order"). In granting the motion to enforce the settlements and dismissing the case with prejudice, the Court noted that Plaintiff presented "no grounds on which to void the [agreement]" and that he was "bound by its terms." *Id.* at 98.

The 2008 Order constitutes a final judgment on the merits because it resulted in the dismissal with prejudice of the entire matter, and because the time for appeal has long passed. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010) ("[A] dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action").

### 3.    Plaintiff's New Claims Fail as a Matter of Law

All of Plaintiff's proposed claims are futile because they fail as a matter of law, and "would be immediately 'subject to dismissal.'" *Nordyke*, 644 F.3d at 788 n.12.

First, Plaintiff's claim for Due Process and First Amendment Violation against Gibson Dunn fails because it is based on litigation conduct and thus barred by *Noerr–Pennington*, and because Gibson Dunn is not a state actor. *See, e.g.*, *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 933–39 (9th Cir. 2006) (*Noerr–Pennington* applies to pre-litigation demand letters); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 944 F.2d 1525, 1528 (9th Cir. 1991) (*Noerr–Pennington* applies to a decision to accept or reject a settlement offer); *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1159 (N.D. Cal. 2014)

(*Noerr–Pennington* applies to the filing of a motion to dismiss); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) (stating that the "Fourteenth Amendment offers no shield" against "private conduct, however discriminatory or wrongful") (internal quotation marks omitted); *Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003) ("The Fourteenth Amendment provides: 'No state shall ... deprive any person of life, liberty, or property, without due process of law.' It thus shields citizens from unlawful governmental actions, but does not affect conduct by private entities."); *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019) (applying the state action doctrine to first amendment claims).

Second, Plaintiff's IIED claim fails for the same reasons stated in Keck's pending motion to dismiss. *See* ECF 41 at 19-21. *See also Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12747906, at *19 (C.D. Cal. Sept. 30, 2015) (failure to accept an offer of settlement was not outrageous conduct); *Moss v. Bank of New York Tr.*, No. C 10-01734 JSW, 2011 WL 13243802, at *3 (N.D. Cal. Oct. 13, 2011) (claim based on "activities related to the unlawful detainer action in state court, including any filings by the process server" are "protected by the litigation privilege"); *Chang v. Lederman*, 172 Cal. App. 4th 67, 86-88 (2009) (it was not extreme or outrageous conduct for attorney to direct a wife to vacate residence she had shared with husband without notifying her of homestead rights, and was protected by litigation privilege).

Third, Plaintiff's IICR claim is barred by the litigation privilege. *Schick v. Lerner*, 193 Cal. App. 3d 1321, 1329, 238 Cal. Rptr. 902, 907 (Ct. App. 1987) ("[A]bsent extraordinary circumstances, an attorney may not be held liable for urging a client to breach a contract with some third party."). *See also* 52-1 ¶ 245 (alleging that Gibson Dunn "filed false or misleading legal pleadings meant to subvert the consideration and legal rights Plaintiff obtained from the settlement agreements"). It also fails because Gibson Dunn, as Keck's agent, cannot be liable for tortiously interfering with a contract to which Keck is a party. *See, e.g.*, *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 325–26 (9th Cir. 1982) (stating that attorney, acting in "his fiduciary capacity as an

agent, officer or director" could claim "manager's privilege," which would allow the attorney to "counsel his principal to breach a contract that he reasonably believes to be harmful to his principal's best interests"); *Mintz v. Blue Cross of Cal.*, 127 Cal. App. 4th 1594, 1604 (2009); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 513-14 (1994). *See also Kasei Pharma Corp. v. Actelion Ltd.*, 222 Cal. App. 4th 945, 963-64 (2013) ("'a stranger,' as used in *Applied Equipment*, means one who is not a party to the contract or an agent of a party to the contract"). In any event, there is absolutely nothing in either settlement agreement that grants Plaintiff unfettered access to campus facilities.

Fourth, Plaintiff's RICO claim against Gibson Dunn fails for the same reasons stated in the pending Motion to Dismiss and is also barred by the *Noerr–Pennington* doctrine. *See* ECF 41 at 7-15. *See also Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643–48 (9th Cir. 2009) (applying *Noerr–Pennington* in a RICO action brought against attorneys); *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1159 (N.D. Cal. 2014) (*Noerr–Pennington* applies to RICO actions and the filing of a motion to dismiss).

Finally, Plaintiff's fraud claim is not only time barred but is not pleaded with particularity. *See* Fed. R. Civ. P. 9(b).

## B.    Plaintiff's Motion Is in Bad Faith and Would Cause Prejudice

"A party acts in bad faith when it seeks to amend its pleadings solely for a 'wrongful motive' such as unnecessary delay or harassment." *Leitner v. Sadhana Temple of New York, Inc.*, No. CV 13-07902, 2014 WL 12591666 at * 4 (C.D. Cal. May 8, 2014) (quoting *Delgado v. Orchard Supply Hardware Corp.*, No. 1:09-cv-01839 SMS, 2011 WL 4627073 at *3 (E.D. Cal. Oct. 3 2011) (further citations omitted)). Here, there can be no question that Plaintiff's Motion was filed for the improper purpose of delaying a final ruling on Keck's pending Motion to Dismiss and harassing Keck and its counsel.[2]

---

[2] Plaintiff has a well-established history of filing amended complaints for purposes of delay. *See, e.g.*, ECF 40-13, FAC at ¶¶ 6-9, No. 1:17-cv-00040-LM (United States District Court, District of New Hampshire).

Gibson, Dunn &
Crutcher LLP

DEFENDANT USC KECK SCHOOL OF MEDICINE'S OPPOSITION TO PLAINTIFFS MOTION FOR LEAVE TO
AMEND HIS FIRST AMENDED COMPLAINT

First, Plaintiff's Motion is clearly a tactic to force a third round of briefing and avoid dismissal. *See Schlacter–Jones v. General Telephone of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991) ("Where, as here, a party proposes amendments while a summary judgment motion is pending, the court must look closely to determine whether the proposed amendment is a tactic to prevent termination of the case on summary judgment."). Plaintiff filed the First Amended Complaint rather than respond to Keck's original motion to dismiss and is attempting to do the same here. The deadline for Plaintiff to oppose Keck's motion was August 26, 2019. L.R. 7-9. Rather than file an opposition, Plaintiff improperly filed an amended complaint without leave of the Court. ECF 50. When the amended complaint was stricken (ECF 51), Plaintiff simply repackaged it as a Motion for Leave (ECF 52). Keck should not be forced to go through another round of briefing when Plaintiff has never even opposed any of Keck's motions to dismiss.

Second, Plaintiff's Motion is clearly a tactical move by the Plaintiff to manufacture a conflict of interest between Keck and its counsel of record, in order to set up a scenario whereby Plaintiff can seek the disqualification of Keck's counsel. *See Yumul v. Smart Balance, Inc.*, No. CV-10-00927 MMM AJWX, 2010 WL 4352723, at *3 (C.D. Cal. Oct. 8, 2010) (citing *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985)) (discussing concern regarding disqualification motions as tactical tools meant to harass opposing counsel). In the PSAC, Plaintiff seeks to add Gibson Dunn as a defendant and to assert four claims against Gibson Dunn. All four claims are based on Gibson Dunn's representation of Keck in this lawsuit and relate to Plaintiff's communications with Gibson Dunn as counsel of record for Keck. Indeed, Plaintiff has made his intentions abundantly clear. On August 20, 2019, Plaintiff emailed lead counsel for Keck stating that he intends to call him as a witness, and informing him that Gibson Dunn's "immediate recusal and disqualification from this case is appropriate." Ryzewska Decl., Ex. 4, at 99. Plaintiff may be proceeding *pro se*, but he has years of

experience in filing federal lawsuits and is hardly unsophisticated. His attempt to prejudice Keck is blatant and should not be allowed.

### C.    Plaintiff's Undue Delay Weighs Against Granting Leave to Amend

While undue delay is not a dispositive factor in the amendment analysis, it is relevant, "especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Here, Plaintiff fails to explain why he did not include the new allegations in his prior complaints, even though he alleges to have learned of them in prior lawsuits. Indeed, Plaintiff even admits that he discovered the AAMC profile in a prior lawsuit. ECF 52-1 ¶ 65.

## IV.    CONCLUSION

For the foregoing reasons, Keck respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend.

Dated:  September 13, 2019          GIBSON, DUNN & CRUTCHER LLP


By: _____*/s/ James P. Fogelman*_____
                    James P. Fogelman

                    Attorney for USC Keck School of
                    Medicine

Gibson, Dunn & Crutcher LLP

DEFENDANT USC KECK SCHOOL OF MEDICINE'S OPPOSITION TO PLAINTIFFS MOTION FOR LEAVE TO AMEND HIS FIRST AMENDED COMPLAINT