Dr. Jeffrey Isaacs
3553 West Chester Pike Unit #177
Newtown Square, PA 19073

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>DARTMOUTH HITCHCOCK MEDICAL CENTER<br>GEISEL SCHOOL OF MEDICINE AT DARTMOUTH<br>USC KECK SCHOOL OF MEDICINE<br>NH BOARD OF MEDICINE;<br><br>and JOHN or JANE DOE,<br><br>　　　Defendants. | Case 2:19-CV-02011-DSF-RAO<br><br>**PLAINTIFF'S OPPOSITION TO NH BOARD OF MEDICINE MOTIONS TO SET ASIDE DEFAULT AND TO STRIKE VOLUNTARY DISMISSAL** |

# PLAINTIFF'S OPPOSITION TO PENDING NH BOARD MOTIONS

1. One of the basic purposes of the Rules of Federal Procedure is to secure the 'speedy' determination of pending litigation… calendar control by the Courts and the setting of fixed dates for the various steps to be taken in the course of litigation are among the means by which it is sought to eliminate delay. The bar must realize, and we declare it as emphatically as we can, that these dates fixed by law, rule, or court order mean something. They are not empty formalities. To neglect and ignore a date for action in a court proceeding is in reality a thinly-veiled species of disrespect or contempt for the Court. *Kostenbauder v. Secretary, HEW*, 71 F.R.D. 449, 453 (M.D. Pa. 1976), aff'd mem. sub noa. *Kostenbauder v. Weinberger*, 556 F.2d 567 (3d Cir. 1977). accord, *H & F Barge Co. v. Garber Bros*., 71 F.R.D. 5, 10 (E.D. La. 1974), aff'd, 534 F.2d 1103 (5th Cir. 1976) (per curiam); *Nelson v. Coleman Co.,* 41 F.R.D. 7, 9 (D.S.C. 1966) (default).

2. This is actually a case describing disrespect for civil and criminal rules, and of course, the Plaintiff, a *pro se* medical student who, unfortunately, tried to enforce the rules. The NH Board, notified of this case six months ago in the United States Supreme Court, has now motioned this Court to claim that it was unaware of the litigation! And it expects the Court to believe the same excuse it raised in the Pennsylvania Eastern District six years ago – that an employee misplaced the summons – again. (See *PAED Default Exhibit*)

3. The NH Board of Medicine has defaulted on a RICO charge which alleges that the Board engaged in a decade long pattern of actions that violate federal obstruction of justice and witness anti-retaliation statutes. First, the Board refused to investigate reports of felonious sexual assault, namely, that a Dartmouth physician ordered Plaintiff to conduct unnecessary prostate exams, to retaliate against Isaacs for his non-disclosure of Keck. To this day, neither

the Board, nor any other entity, has investigated the exams. Second, the Board investigator withheld exonerating evidence and actively denied the mere existence of the the Keck Settlement agreements that settled a lawsuit in this District Court. The Board revoked Isaacs' medical license, denying him the benefit of the California Central District settlement agreement. The Board even went so far as to blame Isaacs for Keck's failure to retract administrative charges, which Keck was contractually bound to do according to the settlement agreements. These adverse actions were taken to assist Dartmouth and the NH Board in pending federal proceedings. (See *Complaint* at RICO Charge.) As a result, Isaacs' entire consideration of the Settlement Agreements has been subverted; the Board has maliciously published sealed disciplinary records to shame and retaliate against Isaacs, leaving an MD/MBA with most competitive credentials (a Wharton MBA and a neurosurgeon level board score) unemployable for years and suffering health ailments.

4. The present motion is no exception to the behavior documented in the RICO charge. The Board was notified of this lawsuit in a United States Supreme Court *certiorari* petition served upon them in April 2019 – months before the clerk entered default. There is no legitimate question that the Board was aware of this lawsuit well before the entry of default. The Board is in close communication with Dartmouth on this matter, and has been for nearly a decade. The Board even shares the same local attorneys as Dartmouth, the Akerman Law Firm.

5. When the process server went to the Board members' usual place of meeting, he served the Board's license clerk, as has been done in multiple other lawsuits against the Board. Only now does the Board purport that the license clerk cannot accept service. The FAC invokes jurisdiction against the Board members individually, and collectively, for purposes of Section 1983 and RICO jurisdiction. Sending a process server to where the members convene

routinely was a perfectly reasonable and legitimate means of service. The original complaint was even captioned "individually" to clarify. The Board also purports the license clerk misplaced the lawsuit for thirty days. Notably, the Board successfully avoided a default entry in Pennsylvania Eastern District by, again, claiming the summons was misrouted and/or misplaced during interoffice communication. At least in that case, the NH Board briefly discussed a [purportedly] meritorious defense. [1]

6. The Board order against Isaacs was never reviewed by any higher court; there is no mandatory right of appeal to the NH Supreme Court, and the US Supreme Court denied *certiorari*. In fact, the Board has never presented an answer or meritorious defense to the allegations. The Board has simply waived its right to answer, in the case of NH/SCOTUS appeals, or it has filed motions to dismiss without a corresponding answer as to the merits.

Yet Another Obstructive Declaration by Penny Taylor

7. The Court should be aware that an ongoing and longstanding history of perjury allegations exists against the Board with respect to this matter. The aforementioned NH Supreme Court appeal was not timely filed because the Board clerk is alleged to have failed to notify Plaintiff of the Board decision (See *Isaacs' Declaration*). Briefly, to dismiss case cv-17-040, Penny Taylor is alleged to have filed a false affidavit that she did notified Isaacs of the Board Order.

---

[1] PAED 13-cv-5708 was filed before the NH Board revoked Isaacs' medical license. In that case, Board prosecutor Cahill verbally told Plaintiff he was "instructed from above" to reprimand Plaintiff. Cahill spent nearly two years pressuring Plaintiff to accept a voluntary reprimand and admit guilt as to the sealed USC records. Two other authorities, AAMC and NHES, had quickly adjudicated the same manner in Plaintiff's favor. As such, Plaintiff filed a conspiracy charge against the NH Board. The Board was served by the Nason group in the same manner as this case. Notably, counsel in PAED at least attempted to present a defense on the merits to prevent an entry of default. Now, opposing counsel merely claims this is the same case as it was in 2012, and avoids any answer on the merits. But, Plaintiff has been subject to years of subsequent witness abuse.

Now, to dismiss this case, Penny Taylor files a similarly incredulous affidavit that she "does not know how [the summons] came into the Office of the New Hampshire Board of Medicine." But, enough is enough with these false declarations. This is a RICO case which states a claim concerning a pattern of obstructive behavior, and the Court may not simply accept as true these contested NH Board witness statements. This is a matter for a jury to decide, and in the unfortunate case the default is set aside, Plaintiff hereby seeks leave to incorporate the current dispute into the RICO claim (as opposed to sanctions, which were briefly discussed in the 7-3 Meet & Confer). As Plaintiff alleges, when two competent authorities ruled in his favor, Dartmouth turned to the NH Board to execute a retaliatory ruling that impeded his efforts in federal court. The result of this is a pattern of suspicious and improper declarations.

8. <u>Plaintiff Waived Damages to Streamline Litigation</u>

9. Plaintiff offered the NH Board to waive damages (25% of $18 million before treble damages) if they agreed to simply allow the default to stand with a Permanent Injunction that retracts the false Board order. As such, relevant authority such as *Henry v. Metropolitan Life Insurance Co.* disfavoring defaults with substantial monetary relief shouldn't apply here. Plaintiff simply wants to end the litigation and rightfully clear his name. The fact that the Board refuses to do so is evidence of their vindictive position that will be raised later in the case if it should proceed.

<u>General Background for Setting Aside Default</u>

10. "Despite the pervasiveness of the view that the rule is to be liberally construed when applied to default judgments, in approximately 51% of the reported cases dealing with motions to set aside default judgments, the motions have been denied. The decision whether to set aside a

Isaacs v. USC et al
Case No. 19-CV-02011-DSF

default judgment rests within the sound discretion of the trial court. Although this discretion is broad, it is not absolute and may not be exercised arbitrarily or capriciously… Regardless of the merits of the defense, few courts will tolerate a willful and egregious disrespect for court procedures. Thus, before a court will grant a set aside motion, the excuses offered must indicate an underlying element of good faith. Actions undercutting good faith include undue delay in responding to the complaint or in filing the motion, failure to obey court orders, or presentation of evidence that conceals more than it reveals. Similarly, courts are not favorably disposed to grant a motion to set aside a default judgment that the movant allowed to be entered in a deliberate, though misguided, tactical move. The movant's unawareness of the suit until after the entry of the default judgment is sometimes the basis for the set aside motion." *Relief from Default Judgments*, Fordham Law Review (1981) Vol. 49 P.957-1011

Here, in light of the implausibility of the movant's story, the Court should weigh the merits of the defense and prejudice to the Plaintiff.

The Board has Failed to Present any Meritorious Defense. For Five Years.

11. In the traditional meaning, a meritorious defense in this case would be some sort of explanation as to why the NH Board of Medicine denied the very existence of a settlement agreement that originated in this Central California District. As the Complaint well describes, the Plaintiff spent years discussing the nature of the settlement agreement with Board Prosecutor Cahill. Plaintiff emailed Cahill the settlement agreements, which sealed his records. There is ample proof Cahill knew of the sealing of disciplinary records, yet he went ahead and issued a Board Order declaring, falsely, that "there is no provision sealing Isaacs' disciplinary records." Moreover, Cahill and the Board faulted Isaacs for Keck's non-

compliance with the settlement agreement: the Board Order punished Isaacs because "there is no evidence that USC dismissed administrative charges."

12. The Board is alleged to have subverted a Settlement Agreement stemming from this District. The Board has never submitted a defense on the merits. As stated, neither appeals of the Board Order were heard or adjudicated by the NHSC or SCOTUS. A civil case, NHD 17-cv-040, dismissed a Section 1983 claim based on purportedly the "lack of a clear and compelling right" to have a Board prosecutor relay critical exonerating evidence to the medical board. In other words, Cahill hiding Plaintiff's settlement agreement from the NH Board voting members was just fine, according the NH District Court. That matter is currently under *certiorari* petition in SCOTUS, which, again, notified the NH Board as early as April about this lawsuit.

13. Opposing counsel claims that "numerous meritorious defenses" exist, but upon reading these defenses, it is clear they are neither good defenses, nor defenses on the merits. They essentially rehash Penny Taylor's false declaration that the Board wasn't properly served, or served two days late. Counsel also incorrectly cites a Ninth Circuit opinion suggesting RICO claims cannot be brought in this district. But nowhere does the NH Board actually present a defense on the merits, i.e., an explanation of why they deny the existence, and benefit, of the settlement agreements. Nowhere does the Board explain why it revoked an innocent doctors' medical license, on the false basis of "no provision sealing Isaacs' disciplinary records."

14. In *Williams v. Ward*, 556 F.2d 1143 (2d Cir.), cert. dismissed, 434 U.S. 944 (1977), the appellate court accepted the lower court's holding that a motion to set aside a default could be denied due to a lack of a meritorious defense. *Id.* at 1149. In *Atlantic Steamers Supply Co. v. International Maritime Supplies Co.*, 268 F. Supp. 1009 (S.D.N.Y. 1967) (default), the court

stated that "[e]ven if we were inclined under Rule 60(b) to relieve the defendant from [the] default because of ...excusable neglect, the defendant has failed to submit a sufficient affidavit of merits." *Id.* at 1011. Some courts have conspicuously noted the failure of the movant to at least allege a meritorious defense. In *Moldwood Corp. v. Stutts*, 410 F.2d 351 (5th Cir. 1969), the court stated that it "would be quickly persuaded to give [the movant] relief if...he had given the District Court even a hint of a suggestion that he had a meritorious defense." Id. at 352; accord, *Ralston Purina Co. v. Navieras de Canarias, S.A.*, 619 F.2d 152, 153 (1st Cir. 1980); *American & Foreign Ins. Ass'n v. Commercial Ins. Co.,* 575 F.2d 980, 983 (1st Cir. 1978); *Trachtman v. T.M.S. Realty and Financial Servs.*, 393 F. Supp. 1342, 1347 (E.D. Pa. 1975) (default); *Associated Press v. J.B. Broadcasting, Ltd.*, 54 F.R.D. 563, 564 (D. Md. 1972). *Wagg v. Hall*, 42 F.R.D. 589, 591 (E.D. Pa. 1967); *United States v. Fang*, 182 F. Supp. 446, 454 (N.D. Cal. 1959) (default), aff'd, 300 F.2d 400 (9th Cir., cert. denied, 370 U.S. 935 (1962). Additionally, some courts have held that a general denial or a conclusory allegation that a defense to the action exists is insufficient to show the existence of a meritorious defense. In *Olson v. Stone*, the court held that a general denial was insufficient to constitute a showing of a meritorious defense.

<u>Years with No Meritorious Defense Actually Prejudices Plaintiff</u>

15. At this point, the Board has had years – half a decade – to submit a defense on the merits. It is clear they don't have one, and it is clear that Plaintiff is suffering long term consequences of the Board's interference with the settlement contracts. Should the Court desire, Plaintiff can present his medical history to the Court showing the toll fourteen years of obstructed litigation has had on him. Again, this case alleges damages under RICO for obstructive behavior, and permitting this default to be set aside allows Defendants another unchecked legal victory for

Isaacs v. USC et al
Case No. 19-CV-02011-DSF

disobeying the rules. That prejudices Plaintiff, in the context of the length of time his career and personal life have been derailed.

16. In addition to requiring that the movant show both an excuse for his delay and a meritorious defense, some courts have also considered whether setting aside the judgment will result in substantial prejudice to the non-defaulting party, or in some instances, a to third party. For example, substantial prejudice has been found when a federal investigation had been frustrated, when the delay had led to loss of evidence, when discovery had been stalled, when the non-moving party had suffered undue loss of time and expense, when the non-movant would have been forced to continue prosecuting against a meritless defense, and when further delay would have thwarted the non-movant's ultimate recovery. *Pennsylvania Nat'l Bank & Trust Co. v. American Home Assurance Co.,* 87 F.R.D. 152, 156 (E.D. Pa. 1980). This court, in finding the lack of a meritorious defense prejudicial, seems to have combined the two judicially established requirements. *Hughes v. Holland,* 320 F.2d 781, 782 (D.C. Cir. 1963) (motion denied when further delay would have resulted in foreclosure on disputed real estate).

17. In this case, it is undisputed all of the above scenarios are met. Evidence has been spoliated and witnesses have perjured themselves over an extended period of time. Federal proceedings and investigations have been thwarted. Allowing the NH Board to claim they didn't know about this lawsuit is simply beyond the discretion of this Court.

Court has clear jurisdiction re Section 1983 and Injunctive & Equitable Relief

18. The NH Board spends nearly twenty pages claiming this Court lacks jurisdiction, under the following arguments 1) they supposedly enjoy immunity under NH RSA, and 2) somehow service was flawed as two employees with similar names may have been confused with one another or mis-described in the proof of service. However, neither of those defenses are

applicable here. The Complaint clearly seeks well established *Section 1983* relief against the Board members individually *and* collectively. Equitable relief in the form of a permanent injunction is likewise appropriate given the federal claims. Moreover, Plaintiff has waived damages for the purpose of this motion. Even assuming, *arguendo*, that monetary damages are prohibited under NH RSA, there is simply no basis for asserting that this Court can't issue an injunction prohibiting the Board members from retaliating against Plaintiff for his federal lawsuit. Finally, the Board waived its right to object to service by failing to answer the complaint on time. They knew about the lawsuit for half a year, and sat back and – for tactical reasons – chose not to object under Rule 4(m) as, say, Dartmouth did.

The Motion does not Comply with California Code 473(b)

19. Pursuant to California Law, a Motion to Set Aside a Default "shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted…" In this case, it is clear the Motion does not, and cannot have a meritorious defense or answer. Any other pleading, ie. 12(b)(6), would clearly be asking the Court to dismiss the case on a frivolous technicality such as serving two days late, which could be cured by a simple court order under FRCP 4. California Law exists for this reason – to allow the Court to plainly see whether a default would be set aside for a futile reason – i.e. a trial where no meritorious defense exists, or where a 12(b)(6) would result in an extraordinarily disfavored form of non-merits adjudication. To set aside a default on the grounds of it being a disfavored non-merits adjudication, only to allow a 12(b)(6), would be arbitrary and capricious under California law, as well as FRCP.

A Rule 41 Dismissal is Not Permitted by the Federal Rules

20. FRCP 41(a) does allow for the dismissal of discrete parties to the action. The dismissal of one of several co-defendants dismisses the "action" as to "fewer than all" of the named defendants, and is thus allowed under the rule. *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993).

21. To extinguish the right to dismiss voluntarily, service of the answer or motion for summary judgment must be by the adverse party. It is irrelevant if another defendant has already filed an answer or motion for summary judgment. *Sheldon v. Amperex Elec. Corp.*, 449 F.2d 146, 147 (2d Cir. 1971) (dismissal appropriate against one defendant "after it has been severed from a multi-defendant suit").

22. As to timing, the right of dismissal is absolute as long as it is filed before service of an answer or motion for summary judgment. This can occur even after significant activity has already taken place in the action, such as a motion to compel arbitration, a Rule 12 motion to dismiss (even with the court announcing its intended ruling), or a full evidentiary hearing and ruling on a motion for preliminary injunction. See *Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970) (Rule 12 motion); *Hamilton v. Shearson Lehman American Express, Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987) (motion to compel arbitration); *American Soccer Co., Inc. v. Score First Enterprises*, 187 F.3d 1108, 1110–12 (9th Cir. 1999).

23. In the present case, the NH Board had defaulted, and as such, an Answer was on file that accepted all FAC allegations as true. Because a Default is generally accepted as an answer admitting to the allegations, Rule 41(a) simply cannot apply to a defaulted party. The NH Board defaulted, so Rule 41(a) dismissal only applied to the other parties in the suit. Whether or not Plaintiff clarified this fifty minutes later in an Amended Notice of Dismissal is irrelevant; neither the Notice nor the Amended Notice could have dismissed the NH Board,

because they already had an answer on file with the Court. In other words, Plaintiff won the case against the NH Board when they defaulted. A voluntary dismissal against a losing party is simply not possible under FRCP 41.

**CONCLUSION**

The New Hampshire Board has appeared after defaulting, and now engages in a continued pattern of obstructive behavior by filing a suspicious Motion to Set Aside Default. They offer the implausible claim that they didn't know about this litigation, when in fact, a United States Supreme Court petition to which they are a Respondent mentions this very lawsuit. They were properly served in the same fashion they have always been served. Jurisdiction clearly exists under RICO and Section 1983, both individually and collectively as a Board. For the foregoing reasons, the Motion to Set Aside must be denied.

Plaintiff has waived monetary damages, for the purpose of streamlining litigation and ending this matter once and for all.

In the alternative, it would be arbitrary and capricious to set aside the default in favor of a trial on the merits, only for the Board to turn around and attempt a 12(b)(6) dismissal escaping a trial on the merits. In this alternative, the litigation should move without further delay to an answer & discovery, and the Board would be back on the hook for monetary damages.

Respectfully submitted, this 27th day of September, 2019.

/s/ Jeffrey Isaacs
Dr Jeffrey Isaacs

3553 West Chester Pike Unit 177

Newtown Square, PA 19073

Plaintiff, *pro se*

# CERTIFICATE OF SERVICE

I, Dr. Jeffrey Isaacs, do declare as follows:

I certify that a copy of the foregoing **OPPOSITION TO NH BOARD PENDING MOTIONS** was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 27th day of September, 2019.

/s/ Jeffrey Isaacs

Dr Jeffrey Isaacs

Plaintiff, *pro se*