# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br>    Plaintiff,<br><br>        v.<br><br>DARTMOUTH HITCHCOCK<br>MEDICAL CENTER, et al.,<br>    Defendants. | CV 19-2011 DSF (RAOx)<br><br>Order GRANTING Motion to Strike Amended Notice of Dismissal (Dkt. No. 66) |

   On September 12, 2019, Plaintiff Jeffrey Isaacs filed a notice of voluntary dismissal stating: "Plaintiff hereby dismisses all claims, without prejudice."  Less than an hour later, Plaintiff filed an amended notice of dismissal stating: "Plaintiff hereby dismisses all claims, without prejudice, against all Defendants, with the exception of NH Board of Medicine, who Defaulted."

   The New Hampshire Board of Medicine now moves to strike the amended notice of dismissal. The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for October 28, 2019 is removed from the Court's calendar.

   The filing of a notice of voluntary dismissal under Rule 41(a)(1) immediately terminates the action as to any defendant to whom the notice applies.  Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077-78 (9th Cir. 1999).  Therefore, the New Hampshire Board of Medicine was dismissed from the case on the filing of the original notice of voluntary dismissal along with the other defendants.

Plaintiff's opposition to the motion to strike presents his theory that a dismissal under Rule 41(a) cannot apply to a defaulted defendant and that the amended notice merely "clarified" this. Plaintiff cites no authority for the view that Rule 41(a) cannot apply to a defaulted defendant. Nothing in the text of the Rule suggests it, and, in the Court's experience, defaulted defendants are occasionally dismissed via Rule 41(a), usually due to settlement.

Plaintiff has failed to provide any other reason to allow the amended notice of dismissal, such as mistake or excusable neglect under Rule 60(b). But even if some degree of good cause under Rule 60(b) could be shown, the Court would strike the amended notice because reinstatement of the Board in this case would serve no point. The Court would grant the Board's pending motion to set aside default for numerous reasons, including a failure to serve in accordance with the federal or New Hampshire rules of service. Plaintiff has already filed a second, essentially identical lawsuit in this Court which also names the Board, and, if reinstated, the claims against the Board in this case would be consolidated into the claims made in the other case. There is no reason to have two identical cases against the Board proceeding in the same Court.

The motion to strike the amended notice of dismissal is GRANTED. The under-submission motion to set aside default is MOOT.

IT IS SO ORDERED.

Date: October 11, 2019

Dale S. Fischer
United States District Judge